UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN.
SOUTHERN DIVISION

BRIAN MASCK,

        Plaintiff,

v.

SPORTS ILLUSTRATED; NISSAN
NORTH AMERICA; GETTY IMAGES,
INC.; CHAMPIONS PRESS, L.L.C.;
DESMOND HOWARD; PHOTO FILE,
INC.; FATHEAD, L.L.C.; WAL-MART
STORES, INC.; WAL-MART.COM
USA, L.L.C. and AMAZON.COM,
INC.,

        Defendants.

Case No. 2:13-cv-10226-GAD-DRG

Honorable Gershwin A. Drain

Magistrate Judge David R. Grand

**DEFENDANT AMAZON.COM, INC.'S RULE 12(b)(6) MOTION TO DISMISS**

---

Thomas H. Blaske, Esq. (P26760)
BLASKE & BLASKE
500 S. Main Street
Ann Arbor, Michigan 48104
Phone:  (734) 747-7055
Fax:     (734) 747-8932
thb@blaske.com
Attorney for Counter Defendant Brian Masck

Timothy E. Eagle, Esq. (P38183)
VARNUM, RIDDERING
P.O. Box 352
Grand Rapids, Michigan 49501-0352
Phone: (616) 336-6000
Fax:     (616) 336-7000
teeagle@varnumlaw.com
Attorney for CounterClaimant Desmond Howard

Timothy E. Galligan, Esq. (51768)
TIMOTHY E. GALLIGAN ASSOCIATES
3069 University Drive, Suite 260
Auburn Hills, Michigan 48326
Phone: (248) 340-2404
Fax:     (248) 340-2405
galligan@galliganpllc.com
Attorney for Defendant Champions Press, L.L.C.

Jenice C. Mitchell Ford, Esq. (P61511)
CLARK HILL PLC
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226
Phone: (313) 965-8575
Fax:     (313) 309-6975
jmitchellford@clarkhill.com
Attorney for Defendant Wal-Mart.com USA, L.L.C.

Stephen M. Rummage, Esq.
DAVIS WRIGHT
1201 3rd Avenue, Suite 2200
Seattle, Washington 98101
Phone: (206) 757-8136
Fax:     (206) 757-7136
steverummage@dwt.com
Attorney for Defendant Fathead, L.L.C.

James E. Stewart, Esq. (P23254)
HONIGMAN MILLER SCHWARTZ AND COHN
660 Woodward Avenue, 2290 First National Bldg.
Detroit, Michigan 48226
Phone: (313) 465-7542
Fax:     (313) 465-7543
jstewart@honigman.com
Attorney for Defendant Fathead, L.L.C.

Richard T. Hewlett, Esq. (P41271)
VARNUM LLP
39500 High Pointe Blvd., Suite 350
Novi, Michigan 48375
Phone: (248) 567-7824
Fax:   (248) 567-7440
rthewlett@varnumlaw.com
Attorney for CounterClaimant Desmond Howard

Roderick M. Thompson, Esq. (96192)
FARELLA BRAUN & MARTEL, LLP
235 Montgomery Street
San Francisco, California 94104
Phone: (415) 954-4400
Fax:   (415) 954-4480
rthompson@fbm.com
Attorney for Defendant Amazon.com, Inc.

J. Michael Huget, Esq. (P39150)
HONIGMAN MILLER SCHWARTZ AND COHN
130 South First Street, 4th Floor
Ann Arbor, Michigan 48104-1386
Phone: (734) 418-4254
Fax:   (734) 418-4255
mhuget@honigman.com
Attorney for Defendant Fathead, L.L.C.

William D. Gilbride, Jr., Esq. (P36830)
ABBOTT NICHOLSON, P.C.
300 River Place, Suite 3000
Detroit, Michigan 48207-4225
Phone: (313) 566-2500
Fax:   (313) 566-2502
wdgilbride@abbottnicholson.com
Co-Counsel for Defendant Amazon.com, Inc.

## **DEFENDANT AMAZON.COM, INC.'S RULE 12(b)(6) MOTION TO DISMISS**

Defendant Amazon.com, Inc. ("Amazon") moves to dismiss Plaintiff Brian Masck's ("Plaintiff's") Complaint and submits the attached Brief in Support of Motion To Dismiss.

In compliance with Eastern District of Michigan Local Rule 7.1, counsel for Amazon certifies that it contacted counsel for Plaintiff to explain the nature of and legal grounds for this motion, but Plaintiff did not concur in the relief that Amazon seeks. Amazon therefore requests that the Court grant its motion and dismiss Plaintiff's complaint as to Amazon in its entirety.

Dated: April 15, 2013

ABBOTT NICHOLSON, P.C.
/s/ William D. Gilbride, Jr.
William D. Gilbride, Jr., Esq. (P36830)
300 River Place, Suite 3000
Detroit, Michigan 48207-4225
(313) 566-2500; (313) 566-2502 fax
wdgilbride@abbottnicholson.com
Co-Counsel for Defendant Amazon.com, Inc.

FARELLA BRAUN & MARTEL LLP
Roderick M. Thompson, Esq. (96192)
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400
rthompson@fbm.com
Counsel for Defendant Amazon.com, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN MASCK,

    Plaintiff,

v.

SPORTS ILLUSTRATED; NISSAN
NORTH AMERICA; GETTY IMAGES,
INC.; CHAMPIONS PRESS, L.L.C.;
DESMOND HOWARD; PHOTO FILE,
INC.; FATHEAD, L.L.C.; WAL-MART
STORES, INC.; WAL-MART.COM USA,
L.L.C. and AMAZON.COM, INC.,

    Defendants.

Case No. 2:13-cv-10226-GAD-DRG

Honorable Gershwin A. Drain

Magistrate Judge David R. Grand

## DEFENDANT AMAZON.COM, INC.'S BRIEF IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS

# **TABLE OF CONTENTS**

ISSUES PRESENTED ................................................................................................ iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY ................................... v

I. INTRODUCTION .............................................................................................. 1

II. THE ALLEGED FACTS ................................................................................... 2

    A. AMAZON'S INTERNET COMMERCE WEBSITE ............................ 2

    B. PLAINTIFF'S "HEISMAN POSE" PHOTO ......................................... 2

    C. THE PROLIFERATION OF COPIES OF "THE HEISMAN POSE" PHOTO ....................................................................................... 3

    D. PLAINTIFF'S CLAIMS AGAINST AMAZON FOR "VICARIOUS" AND "CONTRIBUTORY" COPYRIGHT INFRINGEMENT ............. 3

III. ARGUMENT ..................................................................................................... 4

    A. PLAINTIFF'S "VICARIOUS INFRINGEMENT" CLAIM FAILS BECAUSE HE ALLEGES NO FACTS SHOWING AMAZON'S RIGHT AND ABILITY TO CONTROL THIRD-PARTY MERCHANTS OR AMAZON'S DIRECT FINANCIAL INTEREST ................................. 5

    B. AMAZON IS PLAINLY "CAPABLE OF SUBSTANTIAL NON-INFRINGING USES," WHICH IS A COMPLETE DEFENSE TO "CONTRIBUTORY INFRINGEMENT" UNDER THE SUPREME COURT'S *SONY* PRECEDENT ............................................................ 7

    C. THE COPYRIGHT ACT PREEMPTS PLAINTIFF'S CLAIM FOR UNJUST ENRICHMENT, AND AMAZON IS IMMUNE FROM SUCH CLAIMS UNDER THE COMMUNICATIONS DECENCY ACT ..................... 9

IV. CONCLUSION ................................................................................................ 10

# TABLE OF AUTHORITIES

## FEDERAL CASES

*A&M Records, Inc. v. Napster, Inc.*,
239 F.3d 1004 (9th Cir. 2001) .................................................................... 7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..................................................................................... 5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ..................................................................................... 4

*Bennett v. Am. Online, Inc.*,
No. 06–13221, 2007 WL 2178317 (E.D. Mich. July 27, 2007) .................. 5

*Bridgeport Music, Inc. v. Diamond Time*,
371 F.3d 883 (6th Cir. 2004) ...................................................................... 8

*Corbis Corp. v. Amazon.com, Inc.*,
351 F. Supp. 2d 1090 (W.D. Wash. 2004) .............................................. 2, 9

*Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*,
606 F.3d 612 (9th Cir. 2010) ...................................................................... 2

*Diamond v. Gillis*,
357 F. Supp. 2d 1003 (E.D. Mich. 2005) .................................................... 9

*Faulkner v. Nat'l Geographic Soc'y*,
211 F. Supp. 2d 450 (S.D.N.Y 2002) .......................................................... 5

*Hendrickson v. Amazon.com, Inc.*,
298 F. Supp. 2d 914 (C.D. Cal. 2003) ........................................................ 2

*Luvdarts, LLC v. AT&T Mobility, LLC*,
No. 11-55497, 2013 WL 1192950 (C.A. 9th Mar. 25, 2013)
___ F.3d ___ (9th Cir. 2013) .................................................................... 6

*Mertik Maxitrol GMBH & Co. KG v. Honeywell Techs. Sarl*,
No. 10-12257, 2011 WL 1454067 (E.D. Mich. Apr. 13, 2011) .................. 5

*Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting, Inc.*,
299 Fed. App'x 509 (6th Cir. Oct. 31, 2008) ............................................. 4

*Netbula, LLC v. Chordiant Software, Inc.*,
No. C 08-00019, 2009 U.S. Dist. LEXIS 25372 (N.D. Cal. Mar. 20, 2009) ........ 7

*Perfect 10, Inc. v. Amazon.com, Inc.*,
508 F.3d 1146 (9th Cir. 2007) ................................................................ 6, 8

*Rauch v. Day & Night Mfg. Corp.*,
   576 F.2d 697 (6th Cir. 1978) .................................................................................. 8

*Sony Corp. of Am. v. Universal City Studios, Inc.*,
   464 U.S. 417 (1984) ................................................................................................. 8

## Federal Statutes

47 U.S.C. § 230 ................................................................................................................. 9

17 U.S.C. § 512(c) ............................................................................................................ 2

## Federal Rules and Regulations

Fed. R. Civ. P. 12(b)(6) ........................................................................................... 1, 6, 7, 8

## ISSUES PRESENTED

Whether the Court should dismiss the complaint as to Amazon under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted, because none of the three purported claims for relief asserted against Amazon is viable:

1. Plaintiff's vicarious copyright infringement theory against Amazon (Count VIII), merely recites legal conclusions without sufficient supporting facts to make the claim plausible and justify the cost of discovery;

2. Plaintiff's contributory copyright infringement theory against Amazon (Count VIII) fails because it is facially apparent that Amazon.com is "capable of substantial non-infringing uses," which is a defense under Supreme Court precedent; and

3. Plaintiff's claim for unjust enrichment (Count XIX) is preempted by the Copyright Act, for the same reasons set forth in Rule 12b(6) motions filed by the other defendants, and Amazon is immune under the Communications Decency Act.

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417 (1984)

*Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting, Inc.*, 299 Fed. App'x 509 (6th Cir. Oct. 31, 2008)

*Luvdarts, LLC v. AT&T Mobility, LLC*, No. 11-55497, 2013 WL 1192950 (C.A. 9th Mar. 25, 2013) __ F.3d __ (9th Cir. 2013)

*Perfect 10 v. Amazon.com, Inc.* 508 F. 3d (9th Cir. 2007)

*Corbis Corp. v. Amazon.com, Inc.*, 351 F. Supp. 2d 1090 (W.D. Wash. 2004)

*Hendrickson v. Amazon.com, Inc.*, 298 F. Supp. 2d 914 (C.D. Cal. 2003)

I.   **INTRODUCTION**

Amazon.com, Inc. ("Amazon"), the familiar online shopping portal, has no place in this lawsuit. It has not been accused of any direct wrongdoing. Plaintiff's allegations of "vicarious" and "contributory" copyright infringement against Amazon are based solely on the alleged misdeeds of third-party merchants and fail to satisfy the pleading standards of the Federal Rules of Civil Procedure. Plaintiff's lengthy complaint contains two paragraphs of factual allegations addressed to these claims, and these averments are too perfunctory to survive Rule 12(b)(6). Plaintiff relies on a conclusory recitation of legal elements for vicarious liability: that Amazon has the theoretical "ability to supervise the content" in the tens of thousands of items for sale uploaded by the third-party merchants and receives "a direct financial benefit" from their sales. The Supreme Court instructed that these kinds of allegations are inadequate in *Twombly* and *Iqbal*. Plaintiff does not and could not allege the types of facts necessary to support claims for vicarious liability; there is no allegation that Amazon has "day-to-day" control over merchants who use the Amazon platform, that Amazon has the "practical ability" to block infringements like that at issue here, or that such alleged infringement is "the draw" of users to Amazon.

Similarly, Plaintiff's contributory copyright infringement claim fails because the Amazon website has substantial non-infringing uses, which is a complete defense under the *Sony* Supreme Court precedent. Finally, the other defendants in this case moved to dismiss Plaintiff's unjust enrichment claim on preemption grounds that apply equally to Amazon. *See* Dkt. 32.[1] Amazon joins in that motion and additionally is immune under the Communications Decency Act.

---

[1] In that motion, the other defendants also moved to dismiss Plaintiff's other non-copyright claims against them based on unfair competition, the Michigan Consumer Protection Act, and the Lanham Act. Dkt. 32 at 3–4. Plaintiff does not assert those claims against Amazon. Thus, Amazon joins in only that portion of the other defendants' motion that addresses preemption of Plaintiff's unjust enrichment claim. *See* Dkt. 32 at 6–10.

1

## II. THE ALLEGED FACTS

### A. Amazon's Internet Commerce Website

As another court has recognized, "Amazon is a company specializing in electronic commerce. It is most widely known for selling books over the Internet at its website, Amazon.com. The Amazon.com website also hosts several third party vendor platforms [that] ... allow[] individuals and retailers ... to showcase their products and sell them directly to online consumers." *Corbis Corp. v. Amazon.com, Inc.*, 351 F. Supp. 2d 1090, 1094 (W.D. Wash. 2004).[2] Third-party merchants offer a wide range of different products for sale on the Amazon site. *See, e.g.*, Compl. ¶ 185.[3]

### B. Plaintiff's "Heisman Pose" Photo

Plaintiff alleges that on February 21, 1991, he took a photo of then-college football player Desmond Howard striking the "Heisman Trophy pose." ¶¶ 185–95. Plaintiff alleges that he immediately knew that the photo was a "big deal" and a "hot picture." ¶ 63. Despite his instant recognition that this photo was potentially significant, Plaintiff did not register the photo with the United States Copyright Office until more than twenty years later, on August 31, 2011. ¶ 98. Plaintiff does not allege that he ever added a copyright notice to any copy of this photo; he instead added such a mark only to the "cardboard mount" holding a negative of the photo. ¶ 61.

---

[2] In that case, plaintiff Corbis alleged that Amazon should be liable for the acts of a merchant that sold posters that infringed the Corbis's copyrights. On summary judgment, the court ruled that Amazon was eligible for the copyright safe harbor under the Digital Millennium Copyright Act ("DMCA"). *See* 17 U.S.C. § 512(c). While Amazon believes this case should be dismissed at the pleadings stage without costly discovery, should the case proceed, Amazon intends to seek summary judgment under the DMCA safe harbor affirmative defense as it did in *Corbis*. 351 F. Supp. 2d at 1110, *abrogated on other grounds*, *Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612 (9th Cir. 2010). *See also Hendrickson v. Amazon.com, Inc.*, 298 F. Supp. 2d 914, 918 (C.D. Cal. 2003) (Amazon DMCA safe harbored for infringing DVDs sold by third-party merchants).

[3] All citations in this motion in the form "¶ __" refer to the complaint, Dkt. 1.

### C. The Proliferation of Copies of "The Heisman Pose" Photo

Plaintiff alleges that the Heisman pose photo has become "iconic," that it has "touched off a cultural phenomenon," and that it has "gone viral." ¶¶ 22–23. The widespread copying, sharing and posting of this photo over a period spanning decades has unsurprisingly caused confusion over who owns the rights and whether it is a fair use. Getty Images apparently claims some rights in the photo because it allegedly uploaded a copy of the photograph to its "digital asset management system." ¶ 85 (and accompanying image). Sports Illustrated, also a defendant here, allegedly published a copy of the photo crediting Plaintiff *along with* co-defendant Getty Images in the byline. ¶ 108. According to the complaint, defendant Fathead LLC is selling allegedly infringing images that bear the Fathead LLC logo. ¶ 106 (and accompanying image).

### D. Plaintiff's Claims Against Amazon for "Vicarious" and "Contributory" Copyright Infringement

The complaint alleges direct copyright infringement against other defendants—Getty, Sports Illustrated and Fathead. *Id.* (Counts I, III, and VII). However, Plaintiff's theory as to Amazon is one of *indirect* copyright infringement. Plaintiff alleges that "Amazon has allowed *merchants* including, ... Authentic Sports Collectibles Inc., AAA Sports Memorabilia [etc.] to publish for sale and to sell" allegedly infringing copies of his photo. ¶ 185 (emphasis added).[4] Plaintiff's theory is that because some merchants used Amazon's generic e-commerce platform—which can be used to sell anything from toothbrushes to books—to sell allegedly infringing Heisman pose photos, Amazon should be "vicariously" or "contributorily" liable. ¶¶ 188–89.

---

[4] The complaint initially alleges that Plaintiff "informed Amazon.com via email that *it* was selling unauthorized reproductions of his Heisman Pose photograph," (¶ 109 (emphasis added)), and that "*Amazon* continues to list for sale unauthorized reproductions" (*id.*). The charging allegations of the complaint, however, back away from any claim that Amazon itself was or is selling any allegedly infringing work and focus on Amazon's merchants.

3

Although the complaint contains 124 paragraphs of factual background, a scant *two paragraphs* make liability-related allegations as to Amazon. ¶¶ 102, 109. Plaintiff's theory of vicarious infringement recites legal labels (right and ability to control and direct financial benefit), but lacks any factual support at all. ¶¶ 188–89. His theory of contributory infringement alleges that "Amazon has knowledge of its merchants' infringing actions," and "materially contributed to the infringing conduct." ¶¶ 190–92. The complaint states that Plaintiff sent an email on September 21, 2012 generally giving Amazon notice that "it was selling unauthorized reproductions of his Heisman Pose photograph … infringing on his copyright," and that Amazon "continue[d] to list for sale unauthorized reproductions of Brian Masck's Heisman Pose photograph." ¶ 109. That is the sum and substance of the allegations against Amazon.

### III.   ARGUMENT

Plaintiff's complaint fails to allege facts in support of his theories of vicarious and contributory infringement that are sufficient to raise his right to relief "above the speculative level . . . . [I]t is a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The pleadings must contain "enough factual matter . . . to raise a reasonable expectation that discovery will reveal evidence of" the alleged wrongdoing. *Id.* at 556. This "weed[s] out" insufficient complaints before initiating the costly discovery process. *Id.* at 546.

The Sixth Circuit has recognized that this is particularly important in copyright cases, which "lend[] [themselves] readily to abusive litigation" due to the "high cost of trying such a case." *Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting, Inc.*, 299 Fed. App'x 509, 512 (6th Cir. Oct. 31, 2008). Therefore, in copyright cases, "greater particularity in pleading, through showing 'plausible grounds,' is required." *Id.*

4

> A. **Plaintiff's Vicarious Infringement Claim Fails Because He Alleges No Facts Showing Amazon's Right and Ability To Control Third-Party Merchants or Amazon's Direct Financial Interest.**

At the motion to dismiss stage, "[t]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009). Yet Plaintiff's vicarious infringement claim does precisely this. The complaint states that Amazon "has the right and ability to supervise the content of its website" (¶ 188) and "has enjoyed a direct financial benefit from the merchant's infringement" (¶ 199), which merely echoes the legal standard. The complaint fails to allege anything resembling the fact patterns on which vicarious liability has been based in past cases. Thus, its "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly,* 550 U.S. at 555.

**Right and ability to supervise or control.** The concept of vicarious copyright infringement is "an outgrowth of the agency principles of *respondeat superior*." *Faulkner v. Nat'l Geographic Soc'y*, 211 F. Supp. 2d 450, 472 (S.D.N.Y 2002) (citation omitted). For that reason, courts, including in this District, require a showing that the party accused of vicarious infringement has "day-to-day control" over the direct copyright infringer to impose vicarious liability. *Mertik Maxitrol GMBH & Co. KG v. Honeywell Techs. Sarl,* No. 10-12257, 2011 WL 1454067, at 4 (E.D. Mich. Apr. 13, 2011) (citing *Bennett v. Am. Online, Inc.,* No. 06–13221, 2007 WL 2178317 (E.D. Mich. July 27, 2007)). In *Mertik,* the court found that a parent company could not be liable for vicarious infringement merely because its subsidiary committed direct infringement. *Id.* Here, Amazon's relationship to its third-party merchants as merely an e-commerce platform provider is necessarily more attenuated than a parent-subsidiary relationship, which by definition implies some level of control. Similarly, courts look to "input into the production and distribution" of an infringing product to determine vicarious liability. *Faulkner,*

5

211 F. Supp. 2d at 472. Here, the complaint avers no such relationship between Amazon and the third-party merchants that use its e-commerce platform, nor could it do so.

In cases involving Internet service providers, "a defendant exercises control over a direct infringer when he has both a legal right to stop or limit the directly infringing conduct, as well as the *practical ability* to do so." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1173 (9th Cir. 2007) (emphasis added). Plaintiff has not alleged any facts suggesting that Amazon is in any different position than Google was in that case, where the search engine provider "lack[ed] the ability to analyze every image on the [I]nternet, compare each image to all the other copyrighted images that exist in the world . . . and determine whether a certain image on the web infringes someone's copyright . . . ." *Id.* at 1174. Third party merchants post tens of thousands of items for sale on Amazon's website, and Amazon has no "practical ability" to determine what may or may not be infringing. The "Heisman Photo" presents a good example: when the likes of Sports Illustrated, Getty Images, and Desmond Howard himself have been unable to ascertain the rights to this photo, a third-party like Amazon obviously cannot. And Amazon most certainly could not do this for *all* the goods in *each* third-party merchant's catalog. *See id.* Plaintiff has not and cannot allege such facts.

In *Luvdarts, LLC v. AT&T Mobility, LLC,* No. 11-55497, 2013 WL 1192950 (C.A. 9th Mar. 25, 2013) __ F.3d __ (9th Cir. 2013), the Ninth Circuit recently affirmed dismissal of a plaintiff's vicarious liability count under Rule 12(b)(6). The Ninth Circuit held that the complaint asked the defendants (mobile network carriers) to "change their behavior," yet "failed to allege facts that plausibly show that the Carriers could implement an effective system," to monitor alleged copyright infringement and did not explain "what that system is, how it would

6

function, or how much implementing such a system would cost." *Id.* at*2. Given the paucity of facts in the instant complaint, the same rationale applies here, and dismissal is proper.

**Direct financial interest.** Furthermore, to satisfy Rule 12(b)(6), a plaintiff must plead facts showing a "direct financial interest" in the infringing activity. The Eastern District of Michigan has held that an allegation that a parent corporation "stood to profit" from a subsidiary's direct infringement does not state a claim under the "financial interest" prong. *Bennet*, 2007 WL 2178317, at *7; *see also Netbula, LLC v. Chordiant Software, Inc.*, No. C 08-00019, 2009 U.S. Dist. LEXIS 25372, at *7 (N.D. Cal. Mar. 20, 2009) (granting motion to dismiss by corporate officers where facts alleged did not show a direct financial interest in alleged acts of infringement). Plaintiff's conclusory legal recital that Amazon "enjoyed a direct financial benefit" (¶ 189) avers nothing more than what the *Bennet* and *Netbula* courts found inadequate.

In the context of Internet service providers, financial benefit can exist "where the availability of infringing material 'acts as a draw' for customers." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1023 (9th Cir. 2001) (citation and quotations omitted). In *Napster*, "a majority of Napster users use[d] the service to download and upload copyrighted music . . . ." *Id.* at 1014. Plaintiff has not and cannot plausibly allege that infringement is the "draw" to Amazon's website. The "Heisman Photo" is just *one* photo out of *tens of thousands of household products*, which "draw" people to Amazon. Plaintiff's claim for vicarious infringement should be dismissed.

### B. Amazon Is Plainly "Capable of Substantial Non-Infringing Uses," Which Is A Complete Defense to "Contributory Infringement" Under the Supreme Court's *Sony* Precedent.

Plaintiff's contributory infringement claim fails because Amazon is "capable of substantial non-infringing uses." The general standard for contributory infringement is that the accused infringer (1) has "knowledge of the infringing activity" and (2) "induces, causes or materially

7

contributes to the infringing conduct of another. Liability for contributory infringement is based on the defendant's relationship to the direct infringement." *Bridgeport Music, Inc. v. Diamond Time*, 371 F.3d 883, 889 (6th Cir. 2004) (citation omitted). Plaintiff makes allegations echoing this standard. *See* ¶¶ 190–92 ("knowledge" and "materially contributed"). However, under *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417 (1984), where a product is "capable of substantial non-infringing uses," that is a defense to contributory infringement. *Id.* at 442. In *Sony*, the major motion picture studios sought to enjoin sales of the Sony Betamax player because they felt it was being widely misused to duplicate their feature films. The Supreme Court held that because "time-shifting" of television content (recording it for later viewing) was a "fair use," the Betamax was "capable of substantial non-infringing uses." *Id.* Therefore, Sony was not liable for contributory infringement.

"[T]he prevailing rule is that a complaint showing on its face that relief is barred by an affirmative defense is properly subject to a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted." *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978). Amazon.com is plainly used by merchants to sell tens of thousands of non-infringing items around the country. *See, e.g.*, ¶ 17. Indeed, Amazon has previously received the DMCA safe harbor. *See* n.2, *supra*. Thus, it is facially apparent that Amazon is capable of substantial non-infringing uses, and Plaintiff's contributory infringement claim should therefore be dismissed.[5]

---

[5] In *Grokster*, Judge Ginsburg observed that liability for contributory infringement "may be predicated on actively encouraging (or inducing) infringement through specific acts . . . or on distributing a product distributees use to infringe copyrights, if the product is not capable of 'substantial' or 'commercially significant' noninfringing uses." *Grokster*, 545 U.S. at 942 (Ginsburg, J., concurring) (quoting *Sony*, 464 U.S. at 442). Rightly, there is no "inducement" alleged here, so Plaintiff is proceeding on the second path (to which *Sony* provides a defense). The Ninth Circuit has ruled that despite *Grokster* and *Sony*, and even where a system has substantial non-infringing uses, contributory copyright infringement claims may proceed where an Internet service provider had "actual knowledge of specific infringing activities available using its system" and failed to take "simple measures" to stop the infringement. *Perfect 10 v. Amazon.com, Inc.*, 508 F. 3d at 1176 (9th Cir. 2007) (Google's alleged knowledge was at issue; Amazon was a co-defendant). Amazon is aware of no Sixth Circuit case applying this Ninth Circuit rule.

### C. The Copyright Act Preempts Plaintiff's Claim for Unjust Enrichment, and Amazon Is Immune from Such Claims Under the Communications Decency Act.

As discussed in the motion to dismiss filed by the other defendants in this action, the Copyright Act preempts Plaintiff's claims for unjust enrichment. Dkt. 32 at 6–10. In particular, "[t]he Court of Appeals for the Sixth Circuit has joined other circuits in holding that claims for unjust enrichment are preempted by the Copyright Act." *Diamond v. Gillis*, 357 F. Supp. 2d 1003, 1009 (E.D. Mich. 2005) (cited in Dkt. 32 at 7). Amazon incorporates the authorities and arguments set forth in that motion and joins the other defendants in requesting that the Court dismiss Plaintiff's unjust enrichment claims.

In addition, Amazon is immune from Plaintiff's unjust enrichment claim under the Communications Decency Act ("CDA"), 47 U.S.C. § 230. The CDA immunizes Internet service providers like Amazon from state law claims that attempt to hold the service provider liable for content that was posted online by a third party. *See Corbis Corp. v. Amazon.com, Inc.*, 351 F. Supp. 2d 1090, 1118 (W.D. Wash. 2004) (Amazon immune from state law claims for content posted by third-party merchants). Thus, Plaintiff's unjust enrichment claims should be dismissed.

---

In any event, Plaintiff's general assertion that he sent an email does not satisfy the requirement of actual knowledge of specific infringement.

## V. CONCLUSION

Plaintiff's complaint asks the Court to hold Amazon liable for the acts of third-party merchants under theories of vicarious and contributory copyright infringement, but the complaint fails to allege facts raising his right to relief under those theories above the speculative level. The Court should therefore dismiss Plaintiff's copyright claims. It should also dismiss his unjust enrichment claim because it is preempted by the Copyright Act.

Dated: April 15, 2013

Respectfully submitted,

ABBOTT NICHOLSON, P.C.
/s/ William D. Gilbride, Jr.
William D. Gilbride, Jr., Esq. (P36830)
300 River Place, Suite 3000
Detroit, Michigan 48207-4225
(313) 566-2500; (313) 566-2502 fax
wdgilbride@abbottnicholson.com
Co-Counsel for Defendant Amazon.com, Inc.

FARELLA BRAUN & MARTEL LLP
Roderick M. Thompson, Esq. (96192)
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400; Fax:(415) 954-4480
rthompson@fbm.com
Counsel for Defendant Amazon.com, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2013, I electronically filed the foregoing Motion to Dismiss and Brief in Support with the Clerk of the Court using the ECF system which will send notification of such filing to the parties/attorneys of record.

Dated:  April 15, 2013                           Respectfully submitted,

ABBOTT NICHOLSON, P.C.

/s/ William D. Gilbride, Jr.
William D. Gilbride, Jr. (P36830)
And: Robert Y. Weller II (P31148)
Attorneys for Defendant Amazon.com, Inc.
300 River Place, Suite 3000
Detroit, Michigan 48207-4225
(313) 566-2500

28720\3631259.4
4851-3631-4643, v. 1