UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

_____

BRIAN MASCK,

                Plaintiff,

v

SPORTS ILLUSTRATED; NISSAN NORTH
AMERICA; GETTY IMAGES, INC.;
CHAMPIONS PRESS, L.L.C.;
DESMOND HOWARD; PHOTO FILE, INC.;
FATHEAD, L.L.C.; WAL-MART STORES, INC;
WAL-MART.COM USA, L.L.C and
AMAZON.COM, INC.,

                Defendants.
_____

File No. 2:13-cv-10226

Hon. Gershwin A. Drain

| | |
|---|---|
| Thomas H. Blaske (P26760) | J. Michael Huget (P39150) |
| John F. Turck IV (P67670) | HONIGMAN MILLER |
| BLASKE & BLASKE, P.L.C. | Attorney for Defendants Getty Images, |
| Attorneys for Plaintiff | Inc., Photo File, Inc., Fathead, L.L.C.; |
| 500 South Main Street | Nissan North America and Sports Ill. |
| Ann Arbor, Michigan 48104 | 130 South First Street, Fourth Floor |
| (734) 747-7055 | Ann Arbor, Michigan 48104 |
| thb@blaske.com | (734) 418-4254 |
| jt4@blaske.com | mhuget@honigman.com |
| | |
| Timothy E. Galligan (P51768) | Stephen M. Rummage |
| Attorney at Law | DAVIS WRIGHT TREMAINE, L.L.P. |
| Attorney for Defendant Champions Press, Inc. | Attorney for Defendants Getty Images, |
| 39 South Main Street, Suite 24 | Inc., Photo File, Inc., Fathead, L.L.C. |
| Clarkston, Michigan 48346 | Nissan North America and Sport Ill. |
| (248) 241-6179 | 1201 Third Avenue, Suite 2200 |
| galligan@galliganpllc.com | Seattle, Washington 98101 |
| | (206) 757-8136 |
| | steverummage@dwt.com |
| | |
| Jenice C. Mitchell Ford (P61511) | Roderick M. Thompson |
| CLARK HILL, P.L.C. | FARELLA BRAUN & MARTEL, LLP |
| Attorney for Defs. Wal-Mart Stores, | Attorney for Def. Amazon.com, Inc. |
| Inc. and Wal-Mart.com USA, L.L.C. | 235 Montgomery Street |
| 500 Woodward Avenue, Suite 3500 | San Francisco, California 94104 |
| Detroit, Michigan 48226-3435 | (415) 954-4400 |
| (313) 965-8300 | rthompson@fbm.com |
| jmitchellford@clarkhill.com | |

| | |
|---|---|
| Timothy E. Eagle (P38183) | William D. Gilbride, Jr. (P36830) |
| Richard T. Hewlett (P41271) | Robert Y. Weller II (P31148) |
| VARNUM, L.L.P. | ABBOTT NICHOLSON, P.C. |
| Attorneys for Defendant Howard | Attorneys for Def. Amazon.com, Inc. |
| 39500 High Pointe Blvd., Suite 350 | 300 River Place, Suite 3000 |
| Novi, Michigan 48375 | Detroit, Michigan 48207-4225 |
| (248) 567-7400 | (313) 566-2500 |
| teeagle@varnumlaw.com | wdgilbride@abbottnicholson.com |
| rthewlett@varnumlaw.com | ryweller@abbottnicholson.com |

Ambika K. Doran
DAVIS WRIGHT TREMAINE, L.L.P.
Attorney for Defs. Getty Images, Inc.; Photo File, Inc.; Fathead, L.L.C.; Nissan North America; and Sports Illustrated
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 757-8030
ambikadoran@dwt.com

# PLAINTIFF'S ANSWER TO COUNTERCLAIM BY DESMOND HOWARD

## NATURE OF THE ACTION

1. Desmond Howard brings this action against Defendant under state and federal law for Defendant's unauthorized publication and use of Mr. Howard's name, image, and likeness, including, but not limited to, Defendant's prominent use of Mr. Howard's name in advertising, marketing, and promoting Defendant's products and services, use of Mr. Howard's image on commercial products for sale to consumers, and use of Mr. Howard's image and likeness as a trademark logo on Defendant's products.

   **ANSWER:** No answer required by Court Rules.

## PARTIES

2. Desmond Howard is an individual and resident of the State of Florida.

   **ANSWER: Admitted, upon information and belief.**

3. Defendant is an individual and, upon information and belief, a resident of Genesee County, State of Michigan.

   **ANSWER: Admitted.**

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1332; this Court has subject matter jurisdiction over the claims in this Complaint arising under the Lanham Act pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338, and various Federal common law principles. This Court has supplemental jurisdiction over Mr. Howard's state law claims pursuant to 28 U.S.C. § 1367(a).

   **ANSWER: Denied. Masck admits that this Court has jurisdiction over Howard's Lanham Act claims. Masck denies that this Court has jurisdiction over Howard's state law (Florida) claims.**

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (b).

   **ANSWER: Admitted.**

## GENERAL ALLEGATIONS

6. Desmond Howard is a sports legend and nationally-known broadcaster, most recognized for his outstanding accomplishments as a collegiate and NFL football player and as an analyst for ESPN's College GameDay broadcast.

> **ANSWER: Neither admitted nor denied, leaving Mr. Howard to his proofs. Mr. Howard is most recognized for his Heisman Trophy pose, an iconic image taken by and copyrighted by Mr. Masck.**

7. Desmond Howard won the Heisman Trophy in 1991 while playing football for the University of Michigan. After being drafted fourth overall by the Washington Redskins in 1992, Mr. Howard played professional football in the NFL until 2002. He was voted the Most Valuable Player of Super Bowl XXXI and is the first and only special teams' player to win the award. He is one of only four players to win both the Heisman Trophy and Super Bowl MVP. On July 16, 2011, Mr. Howard was inducted into the College Football Hall of Fame.

    **ANSWER: Admitted, upon information and belief.**

8. As a result of his athletic accomplishments and broadcasting celebrity, Mr. Howard's name, image, and persona have significant value. He is sought after for corporate endorsements, personal appearances, and speaking engagements by prominent national and multinational corporations, and has selectively licensed his name, image, and likeness for a variety of commercial products, including video games, posters, and t-shirts.

    **ANSWER: Neither admitted nor denied, leaving Mr. Howard to his proofs. Mr. Howard most widely markets his Heisman Trophy pose, an iconic image taken by copyrighted by Mr. Masck. Moreover, the image and likeness Mr. Howard has "licensed" is one he either used as an infringing violation of Mr. Masck's copyright interests or which he directly stole from Mr. Masck.**

9. Defendant is an individual who owns and operates the commercial website TheTrophyPose.com, on which Defendant prominently uses Desmond Howard's name as the name of his website.

**ANSWER: Admitted.**

10. As appearing in Internet search engine results, the title tag for Defendant's website reads, "Desmond Howard | Heisman Pose Photo | ©1991 by Brian Masck." The banner of the homepage of the website reads, "Desmond Howard Trophy Pose," and underneath it, "The Famous 'Heisman Pose' Moment ©1991 by Brian Masck."

**ANSWER: Admitted that these are part of what is shown on that website, but not the material nor relevant all.**

11. The website also includes a newsfeed of "Desmond Howard's Latest Tweets" and a link to Mr. Howard's own website, DesmondHoward.com.

**ANSWER: Admitted that this was done at the express request of Mr. Howard's actual or ostensible agent, Ward Headley.**

12. Through his website, Defendant sells products featuring Mr. Howard's image including framed and unframed prints, float-wrap prints, and life-size, cut-out standups. The website announces, "More products are coming."

**ANSWER: Denied as stated. Admitted that Mr. Masck offers for sale his own copyrighted work at that website, including most prominently various iterations of his copyrighted photo of Mr. Howard.**

13. Defendant has also appropriated Mr. Howard's image and likeness as a trademark, which Defendant prominently displays on his products. A copy of one of Defendant's prints

 

featuring the trademark, in the bottom right corner, and an enhancement of that trademark follow:

**ANSWER: Denied to the extent that "appropriated" is not the right word, because it implies a wrongful use by Mr. Masck, which implication is expressly denied as untrue.**

14. The trademark is the silhouette of Mr. Howard's image as he appears in the print. Defendant has placed the symbol "TM" next to the logo, which is used to indicate an assertion that the preceding mark is a trademark.

    **ANSWER: Admitted, and doing this was and is well within Mr. Masck's copyright rights.**

15. Defendant also maintains a Facebook "page" called "Desmond Howard's 'Trophy Pose' 1991 Photo by Brian Masck," on which he displays Mr. Howard's name, image, and

likeness, including prominent display of Defendant's trademark featuring the silhouette image of Mr. Howard.

**ANSWER: Admitted.**

16. Defendant's Facebook page states that it is "dedicated to University of Michigan Heisman Trophy winner Desmond Howard's famous 'Trophy Pose' moment captured ©1991 by Brian Masck," and allows Facebook users to "like" or subscribe to the page posts and updates.

    **ANSWER: Admitted.**

17. Defendant uses his Facebook page to advertise and promote his TheTrophyPose.com website by encouraging subscribers to the Facebook page to visit Defendant's website where they can purchase Defendant's products featuring Desmond Howard's image for sale on the site.

    **ANSWER: Admitted, although this is not the exclusive use which Mr. Masck makes of that Facebook page.**

18. Defendant did not ask for or receive Mr. Howard's permission to use his name, image, and likeness: (a) on Defendant's website and Facebook page, or otherwise for purposes of selling Defendant's products and services, (b) on Defendant's commercial products for resale to consumers, or (c) as Defendant's trademark on his products.

    **ANSWER: Admitted, because Mr. Masck used his own property – i.e. his copyrighted photo.**

19. Accordingly, Defendant is liable to Mr. Howard for, among other claims, violation of his rights of publicity and privacy under Florida law and for violations under the Lanham Act for false association and advertising.

    **ANSWER: Denied as untrue and for all the reasons stated in the Mr. Masck's motion to dismiss, to be filed shortly. There have been no privacy rights of Mr. Howard which have been violated (Mr. Howard struck the pose in question in front of more than 100,000 people in attendance at Michigan Stadium and before a national television audience), and he is a public figure. All the associations were made at the request of Mr. Howard's agent and are true, therefore not actionable in any event.**

20. Desmond Howard seeks compensatory damages, treble damages, punitive damages, and a preliminary and permanent injunction to stop all further unlawful use and exploitation of Mr. Howard's name, image, and likeness in connection with Defendant's advertising, products and services, and trademark.

    **ANSWER: No answer required by Court Rule, but Mr. Howard has suffered no damage whatever as a result of Mr. Masck's actions, unless Mr. Howard's making it necessary for Mr. Masck to file this lawsuit has harmed him, which Mr. Masck regrets if it worked out that way.**

## COUNT I

(Misappropriation of Name and Likeness – Fl. St. § 540.08)

21. Mr. Howard incorporates by reference the allegations in the preceding paragraphs.

    **ANSWER: No answer required.**

22. Defendant published, printed, displayed or otherwise publicly used Mr. Howard's name, image and likeness, without his express written or oral consent, for purposes of trade or for other commercial or advertising purposes.

   **ANSWER: Admitted, but this assertion is misleading. Mr. Masck has rightfully exercised his copyright interests and entitlements, and used them. Under all the facts and circumstances, he has acted lawfully in all respects.**

23. Among other things, Defendant has publicly:

   (a) used Mr. Howard's name for the purpose of promoting and advertising Defendant's products and services, including, without limitation, on Defendant's website and Facebook page;

   (b) used Mr. Howard's image on Defendant's products, including, without limitation, framed and unframed prints, float-wrap prints, and life-size, cut-out standups; and

   (c) used Mr. Howard's image and likeness as a trademark.

   **ANSWER: Admitted. All of these actions by Mr. Masck were legitimate uses of his copyrights and were lawful in every way.**

24. The unlawful conduct of Defendant, as alleged herein, has damaged Mr. Howard.

   **ANSWER: Denied that Mr. Masck has done anything unlawful. Also denied that Mr. Masck has done anything to damage Mr. Howard. To the contrary, Mr. Masck was one of many who were instrumental in helping make Mr. Howard's reputation and likeness ones from which Mr. Howard continues to profit to this very day.**

25. Defendant had actual knowledge of the wrongfulness of his conduct and of the high probability that injury or damage to Mr. Howard would result and, despite that knowledge,

intentionally pursued his course of conduct resulting in injury or damage to Mr. Howard. In the alternative, and even if he acted without such actual knowledge, the conduct of Defendant was so reckless or wanting in care that it constituted a conscious disregard for or indifference to the rights of Mr. Howard.

**ANSWER: Denied as untrue. Mr. Masck did nothing wrong, reckless or wanting in care. To the contrary, he has legitimately and lawfully exercised his rights associated with the Trophy Pose photograph, including but not limited to by way of his copyright interests and rights.**

26. The unlawful conduct of Defendant, as alleged herein, constitutes a violation of Fl. Stat. § 540.08, entitling Mr. Howard to enjoin such conduct, and to recover damages for any loss or injury sustained by reason thereof, including an amount which would have been a reasonable royalty, and punitive and exemplary damages.

**ANSWER: Denied as untrue. Also this is a misrepresentation of the applicable law.**

## COUNT II

(Unfair Competition – Lanham Act, 15 U.S.C. § 1125(a))

27. Mr. Howard incorporates by reference the allegations in the preceding paragraphs.

**ANSWER: No answer required by Court Rules.**

28. Defendant's use, and continuing use, in interstate commerce of Mr. Howard's name, image, and likeness in connection with Defendant and his good and services constitutes a violation of 15 U.S.C. § 1125(a), in that it creates a false association between Mr. Howard and Defendant and his good and services, and a false designation of origin as to the goods and services advertised, marketed, promoted, distributed, offered for sale, and sold by

Defendant. Defendant's use of Mr. Howard's name, image, and likeness is likely to confuse, mislead, and/or deceive the consuming public and trade by creating the false impression that Defendant and his products and services are or were approved, sponsored, endorsed, guaranteed by and/or are in some way affiliated or associated with Mr. Howard.

**ANSWER: Denied as untrue.**

29. Defendant's use, and continuing use, in interstate commerce of Mr. Howard's name, image, and likeness in connection with Defendant, and his good and services, also constitutes a false and misleading description or representation in violation of 15 U.S.C. § 1125(a).

**ANSWER: Denied as untrue.**

30. As a direct and proximate result of the conduct of Defendant, Mr. Howard is entitled, pursuant to 15 U.S.C. § 1117(a), to recover (1) Defendant's profits from the sale of his products and services, and (2) any damages sustained by Mr. Howard as a result of Defendant's conduct, the amount of which shall be determined at trial.

**ANSWER: Denied as untrue.**

31. The unlawful conduct of Defendant, as alleged herein, was committed with knowledge of Mr. Howard's prior rights to, and use of, his name, image, and likeness, and with the intent to trade on Mr. Howard's name, image, and likeness, entitling Mr. Howard to treble damages.

**ANSWER: Denied as untrue. To the contrary, Mr. Masck has legitimately exercised his rights associated with the Trophy Pose photograph, including but not limited to by way of his copyright interests and rights.**

32. Mr. Howard also seeks a preliminary and permanent injunction to prohibit Defendant from any further commercial use of Mr. Howard's name, image, and likeness.

**ANSWER: No answer required under Court Rules, except that Mr. Masck denies that Mr. Howard is entitled to any of the relief sought by Mr. Howard.**

Plaintiff/Counter-Defendant Brian Masck respectfully asks the Court to strike and/or dismiss Howard's counter-claim, and award to Masck costs, attorneys' fees, interest so wrongfully sustained, and any other relief appropriate and permitted by law.

Dated: May 21, 2013
           ___ /s/ Thomas H. Blaske ___
           Thomas H. Blaske (P26760)
           John F. Turck IV (P67670)
           BLASKE & BLASKE, P.L.C.
           Attorneys for Plaintiff/Counter-Defendant
           500 South Main Street
           Ann Arbor, Michigan 48104
           (734) 747-7055
           thb@blaske.com
           jt4@blaske.com

### AFFIRMATIVE DEFENSES

Plaintiff/Counter-Defendant Brian Masck states the following for his affirmative defenses:

1. The Court lacks jurisdiction as to Howard's Florida state law claims.

2. Howard has failed to state a claim against Masck upon which relief may be granted. Without limiting the generality of the foregoing, for the reasons to be stated in Masck's motion to dismiss Howard's counter-claim, Howard has failed to state a claim against Masck for the alleged violation(s) of Florida statutes, which statutes are not applicable to this case.

3. Howard's counter-claims, or some of them, are barred by the applicable statute of limitations, including but not limited to Howard's counter-claim under Florida state statutes.

4. Howard has suffered no damages.

5. Any damages Howard has suffered have occurred as a result of his and/or his agents'/employees' own acts and/or omissions.

6. Howard has committed acts or omissions of wrongful conduct barring his claims.

7. Howard has failed to mitigate its damages.

8. Howard's claims are barred in whole or in part by his actions and conduct, which bar his claims under the doctrine of equitable estoppel.

9. Howard's claims are barred in whole or in part by his actions and conduct, which bar his claims under the doctrine of unclean hands.

10. Howard's claims are barred in whole or in part by the doctrine of laches.

11. Howard is liable to Masck on Masck's claims against Howard in an amount greater than Masck could be found liable to Howard, which Masck expressly denies having any liability to Howard in any amount for any reason.

12. Improper conduct. Howard's claims are barred in whole or in part as the result of Howard's own improper conduct, including his misuse of Masck's property, including property over which Masck has copyright protection.

13. Masck reserves the right to add to and/or amend these Affirmative Defenses as discovery and trial preparation proceeds.

WHEREFORE, Masck respectfully asks the Court to dismiss Howard's counter-complaint with prejudice, and award Masck costs, attorneys' fees and any other relief appropriate.

Dated: May 21, 2013
\_\_\_ /s/ Thomas H. Blaske \_\_\_
Thomas H. Blaske (P26760)
John F. Turck IV (P67670)
BLASKE & BLASKE, P.L.C.
Attorneys for Plaintiff/Counter-Defendant
500 South Main Street
Ann Arbor, Michigan 48104
(734) 747-7055
thb@blaske.com
jt4@blaske.com

## **RELIANCE ON JURY DEMAND**

Plaintiff/Counter-Defendant relies on the Jury Demand requested by Howard.

Dated: May 21, 2013
\_\_\_ /s/ Thomas H. Blaske \_\_\_
Thomas H. Blaske (P26760)
John F. Turck IV (P67670)
BLASKE & BLASKE, P.L.C.
Attorneys for Plaintiff/Counter-Defendant
500 South Main Street
Ann Arbor, Michigan 48104
(734) 747-7055
thb@blaske.com
jt4@blaske.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 21, 2013, I caused to be electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record.

Dated: May 21, 2013                                      ___ /s/ Thomas H. Blaske ___
                                                               Thomas H. Blaske (P26760)
                                                                John F. Turck IV (P67670)
                                                                BLASKE & BLASKE, P.L.C.
                                                                Attorneys for Plaintiff/Counter-Defendant
                                                                500 South Main Street
                                                                Ann Arbor, Michigan 48104
                                                                (734) 747-7055
                                                                thb@blaske.com
                                                                jt4@blaske.com