UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN MASCK,

       Plaintiffs,                         Case No. 13-10226
                                             HON. GERSHWIN A. DRAIN

vs.

SPORTS ILLUSTRATED; NISSAN NORTH
AMERICA; GETTY IMAGES, INC.;
CHAMPIONS PRESS, L.L.C.; DESMOND
HOWARD; PHOTO FILE, INC.; FATHEAD,
L.L.C.; WAL-MART STORES, INC.;
WAL-MART.COM USA, L.L.C.; and
AMAZON.COM, INC.,

       Defendants.

_____/

## ORDER GRANTING MOTION FOR RECONSIDERATION [#78]

Presently before the Court is Defendant Howard's Motion to Reconsider the Court's June 11, 2013 Order granting in part and denying in part Defendants' Motion to Dismiss. Howard challenges the Court's decision not to dismiss Plaintiff's Lanham Act claim against him. Howard claims dismissal is required because Howard did not produce any tangible goods, as is required under the Lanham Act. The Court's Order denied the Motion to Dismiss without prejudice and noted that it would consider future arguments in regards to dismissing the Lanham Act claims.

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

Generally, and without restricting the court's discretion, the court will not grant

-1-

motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3).  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'"  *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

Howard claims that not dismissing the Lanham Act claim against him was a palpable defect because, unlike the other Defendants in the case, there were no allegations that Howard ever produced an infringing tangible item.  Plaintiff's Lanham Act claim against Howard only complains of infringement on his website. Compl. ¶¶ 247-55.  Lanham Act claims may only be brought against those who produce "tangible goods."  *See Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003).  Since the Lanham Act only applies to tangible items, and his website is not a tangible good, Howard argues the Lanham Act claim against him must be dismissed.  Howard is correct.  Howard's actions are isolated to the images on his website, which cannot be confused with tangible goods.  It was a palpable defect of this Court not to dismiss the Lanham Act violation at the time.

Since curing of the defect will change the disposition of the case, Howard's Motion for Reconsideration [#15] is GRANTED. Plaintiff's Lanham Act claim against Howard is DISMISSED

SO ORDERED.

Dated: July 23, 2013                               /s/Gershwin A Drain
                                                   GERSHWIN A. DRAIN
                                                   U.S. DISTRICT JUDGE