UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN MASCK,

    Plaintiff,

vs.

Case No. 13-cv-10226
HON. GERSHWIN A. DRAIN

SPORTS ILLUSTRATED, *et al.*,

    Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS DEFENDANT HOWARD'S COUNTERCLAIM [#65]

### I. INTRODUCTION

On January 18, 2013, Plaintiff, Brian Masck, filed the instant copyright infringement and unfair competition action against Defendants Sports Illustrated, Fathead, Walmart, Amazon, Desmond Howard, Photofile, Getty Images, Nissan, and Champions Press for the unauthorized use of Plaintiff's iconic photograph of the "Heisman Pose." Presently before the Court is Plaintiff's Motion to Dismiss Defendant Desmond Howard's counterclaim, which alleges a violation of Howard's right of publicity under Florida state law and unfair competition under the Lanham Act. For the reasons that follow, the Court grants in part and denies in part Plaintiff's Motion to Dismiss.

### II. FACTUAL BACKGROUND

This suit is a copyright infringement action. The basis of the suit is an iconic photo of Howard taken by Plaintiff on November 23, 1991 at Michigan Stadium in Ann Arbor, Michigan.

1

The photo was taken of Howard after returning a punt for a touchdown during a football game where the University of Michigan Wolverines soundly defeated archrival Ohio State University Buckeyes. Before crossing the end zone, Howard made what is now known as the "Heisman pose" by lifting his left leg up and stretching out his left arm. Plaintiff alleged that he was the only photographer who got a "sharp" shot of this now iconic pose.

Plaintiff made a copy of the photo and sent it to Sports Illustrated for publication in a planned Heisman preview issue. Plaintiff alleged he wrote "Photo © 1991 by Brian Masck" on the cardboard mount of the slide that was sent to Sports Illustrated. The photo was included in an article about Howard published in an issue of Sports Illustrated on December 9, 1991. The photo correctly credited "Brian Masck" as the photographer. Sports Illustrated paid Plaintiff for the use of the photograph and did not return the negative. Around the time of the first publication of the photo Plaintiff claimed he sought the counsel of the law firm Warner Norcross and Judd about correctly copyrighting the photograph and was told that publication with the proper attribution was sufficient protection. Based on this advice, Plaintiff did not register the photo with the Copyright Office until August 31, 2011. Since that time, Plaintiff has observed several alleged infringements by the named Defendants, including on Howard's website.

Plaintiff discussed the sale of the photograph with Howard's agent on August 15, 2011 and met with Howard personally on August 18, 2011. They were unable to reach an agreement. The two parties spoke again in 2012 about a joint enterprise selling Desmond Howard merchandise. They once again failed to reach an agreement. In August 2012, while negotiations were ongoing, Plaintiff sent a sample of the photo that was slightly altered so that Plaintiff could track unauthorized use of the photo. Plaintiff claimed this was the photo that was uploaded to Howard's website.

Plaintiff brought this suit in attempt to receive compensation for the alleged unauthorized use of the photo by the Defendants over the years. Plaintiff's lengthy Complaint raised twenty different claims against the Defendants. The claims include copyright infringement under the Copyright Act, 17 U.S.C. § 502, *et seq*. (Counts I-IX); unfair competition under the Lanham Act, 11 U.S.C. § 1125 (Counts X-XVI); unfair competition under the Michigan Consumer Protection Act, MICH. COMP. LAWS § 445.911 (Count XVII); tortious interference (Count XVIII); unjust enrichment (Count XIX); and injunctive relief (Count XX).

Howard filed a two count counterclaim in his Answer. First, he alleged that Plaintiff violated FLA. STAT. ANN. § 540.08 by using his name, image, and likeness without consent. Second, he claimed Plaintiff violated the Lanham Act because this usage is likely to mislead the public by creating the false impression that Plaintiff's products were affiliated with Howard in some way. Plaintiff's Motion to Dismiss these claims is now before the Court.

### III. ARGUMENT

#### A. Standard of Review

A Motion to Dismiss a claim is governed by Fed. R. Civ. P. 12(b)(6), which provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. When deciding a Motion to Dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations in the complaint as true, and determine whether it is possible for the plaintiff to prove any facts in support of the claim. *Pinney Dock and Transport Co. v. Penn Central Corp.*, 196 F.3d 617, 619 (6th Cir. 1999).

To survive a Motion to Dismiss, the complaint must contain either "direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Lillard v. Shelby Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). A plaintiff must

provide more than simply a recitation of the necessary elements: he must provide factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**B.** **Analysis**

Plaintiff raises four arguments to dismiss Howard's counterclaim: 1) the Court does not have jurisdiction over the Florida state law claim, 2) the Lanham Act preempts the state law claim, 3) the state law claim is untimely and 4) the Lanham Act claim is inappropriate because nothing on Plaintiff's website or products is literally false. While Howard's state law claim is untimely, his Lanham Act claim survives the Motion to Dismiss.

**1.** **Jurisdiction over the Florida Law claim**

Plaintiff first claims that this Court lacks subject matter jurisdiction over Howard's Florida law claim. However, this Court has jurisdiction over the state law claim through supplemental jurisdiction. Under 28 U.S.C. § 1367(a), if the Court has original jurisdiction over a claim, it has supplemental jurisdiction over all other claims that "are so related to claims in the action . . . that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). A claim forms part of the same case or controversy "when [it] derive[s] from a common nucleus of operative facts." *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004). Howard's counter claim is part of the same case since it arises under the same operative facts; namely, the use of the photograph of Howard. Because Howard's state law claim necessarily involves the same facts the Court has supplemental jurisdiction.

**2.** **Preemption**

Plaintiff argues next that the Lanham Act preempts the state law claim. He contends that there is nothing qualitatively different from the Florida law claim and the Lanham Act claim.

4

However, the Court finds this argument unpersuasive because the Lanham Act itself is silent on the matter.

While the Lanham Act contains a preemption provision it is inapplicable to Howard's Florida law claim under § 540.08. The act's narrow preemption provision only forbids states from interfering with federally registered trademarks. 15 U.S.C. § 1121(b). It provides that states cannot require "alteration of a registered mark, or require that additional trademarks . . . that may be associated with or incorporated into the registered mark be displayed in the mark in a manner differing from the display . . . exhibited in the certificate of registration." *Id*. Since the state law in no way interferes with a federally registered trademark, the Lanham Act does not expressly preempt the Florida law.

Although Plaintiff contends that the Florida law does not provide any additional rights to Howard compared to the Lanham Act, this is incorrect. The Lanham Act only protects against false association, whereas the Florida law protects against the use of Howard's likeness and photo for the purposes of trade. Fla. Stat. § 540.08. Plaintiff further claims that he could not find a single case that allowed a claimant to bring concurrent Lanham Act and Fla. Stat. § 540.08 claims. The Sixth Circuit, however, has allowed claimants to bring a Lanham Act claim and a right to publicity claim simultaneously. *See Carson v. Here's Johnny Portable Toilets, Inc.*, 698 F.2d 831 (6th Cir. 1983) (recognizing plaintiff's independent claims under the Lanham Act and under common law right of publicity). Therefore, Plaintiff's preemption argument is unpersuasive.

    **3.**    **Statute of Limitations**

Plaintiff correctly argues that the Florida state claim is untimely. Although the statute itself is silent on the matter, Florida courts have held that the statute is subject to a four-year general

statute of limitations. *See Epic Metals Corp. v. Condec, Inc.*, 867 F. Supp. 1009 (M.D. Fla. 1994). Despite Howard's contention that the statute of limitations should start anew with each successive publication, Florida courts have held that the statute of limitation starts on the date of the first publication of the photograph. *See Miller v. Anheuser Busch, Inc.*, 591 F. Supp. 2d 1377, 1381 (S.D. Fla. 2008) *aff'd in part, rev'd in part*, 348 F. App'x 547 (11th Cir. 2009) (holding that a model's claims against an advertiser for commercial misappropriation of her image accrued on date of first publication of each photograph in each advertising campaign rather than when images were republished). Because each of Plaintiff's publications involved the same photograph, the date of the first publication in 1991 is when the statute of limitations begins. Therefore, Howard's claim is over fifteen years too late and barred by the statute of limitations.

   **4.   Lanham Act claim**

Finally, Plaintiff contends that Howard has failed to state a claim under the Lanham Act because his website and his products are not literally false. Plaintiff argues that a publication must be literally false in order to violate the Lanham Act. However, a statement can be literally true while still conveying a false message. *See American Home Products Corp. v. Johnson & Johnson*, 577 F.2d 160, 165 (2d Cir. 1978). Therefore, Plaintiff's claim that his website and products are truthful does not warrant dismissal of Howard's Lanham Act claim. Howard has otherwise alleged sufficient facts to make a *prima facie* case under the Lanham Act since he claims that the use of his picture and likeness on Plaintiff's website and products created a misleading representation. This is sufficient to survive a Motion to Dismiss.

**IV.   CONCLUSION**

For the reasons set forth above, Plaintiff's Motion to Dismiss the Counterclaim [#65] is GRANTED IN PART AND DENIED IN PART. Plaintiff's Motion is GRANTED with respect to Howard's Florida state law claim and DENIED with respect to Howard's Lanham Act claim.

SO ORDERED.


Dated: July 23, 2013

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE