UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

_____

BRIAN MASCK,

             Plaintiff,

v

SPORTS ILLUSTRATED; NISSAN NORTH
AMERICA; GETTY IMAGES, INC.;
CHAMPIONS PRESS, L.L.C.;
DESMOND HOWARD; PHOTO FILE, INC.;
FATHEAD, L.L.C.; WAL-MART STORES, INC;
WAL-MART.COM USA, L.L.C and
AMAZON.COM, INC.,

             Defendants.

_____

File No. 2:13-cv-10226

Hon. Gershwin A. Drain

| | |
|---|---|
| Thomas H. Blaske (P26760) | J. Michael Huget (P39150) |
| John F. Turck IV (P67670) | HONIGMAN MILLER |
| BLASKE & BLASKE, P.L.C. | Attorney for Defendants Getty Images, |
| Attorneys for Plaintiff | Inc., Photo File, Inc., Fathead, L.L.C.; |
| 500 South Main Street | Nissan North America, Sports Ill. and |
| Ann Arbor, Michigan 48104 | Amazon.com, Inc. |
| (734) 747-7055 | 130 South First Street, Ste. 400 |
| thb@blaske.com | Ann Arbor, Michigan 48104 |
| jt4@blaske.com | (734) 418-4254 |
| | mhuget@honigman.com |
| | |
| Timothy E. Galligan (P51768) | Stephen M. Rummage |
| Attorney at Law | DAVIS WRIGHT TREMAINE, L.L.P. |
| Attorney for Defendant Champions Press, Inc. | Attorney for Defendants Getty Images, |
| 39 South Main Street, Suite 24 | Inc., Photo File, Inc., Fathead, L.L.C. |
| Clarkston, Michigan 48346 | Nissan North America, Sport Ill., |
| (248) 241-6179 | Amazon.com, Inc., Wal-Mart Stores, |
| galligan@galliganpllc.com | Inc. and Wal-Mart.com USA, LLC |
| | 1201 Third Avenue, Suite 2200 |
| | Seattle, Washington 98101 |
| | (206) 757-8136 |
| | steverummage@dwt.com |

Matthew W. Bower (P66957)
Timothy E. Eagle (P38183)
Richard T. Hewlett (P41271)
VARNUM, L.L.P.
Attorneys for Defendant Howard
39500 High Pointe Blvd., Suite 350
Novi, Michigan 48375
(248) 567-7400
mwbower@varnumlaw.com
teeagle@varnumlaw.com
rthewlett@varnumlaw.com

Jenice C. Mitchell Ford (P61511)
CLARK HILL, P.L.C.
Attorney for Defs. Wal-Mart Stores,
Inc. and Wal-Mart.com USA, L.L.C.
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226-3435
(313) 965-8300
jmitchellford@clarkhill.com

Ambika K. Doran
DAVIS WRIGHT TREMAINE, L.L.P.
Attorney for Defs. Getty Images, Inc.; Photo
File, Inc.; Fathead, L.L.C.; Nissan North
America; Sports Illustrated; Amazon.com, Inc.,
Wal-Mart Stores, Inc. and Wal-Mart.com USA, LLC
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 757-8030
ambikadoran@dwt.com

# AFFIDAVIT OF BRIAN MASCK
# REGARDING SUMMARY JUDGMENT MOTION

My statements below, upon my oath that they are true based on my personal knowledge, are to

correct the many errors asserted as fact, in Defendants' Motion for Summary Judgment Pursuant

to Fed.R.Civ.P. 56:

1.    I made every reasonable effort to protect the copyright of the image, including the

hiring of counsel in 1992. I took action on each and every violation of which I

became aware.

2.    I took advice of my counsel at the time to not register the copyright in 1992.

3.   I never lost my job as a photographer.

4.   I pursued and policed each and every copyright violation I became aware of.

5.   Despite the repeated claim in this Motion, Getty Images does not own the original slide. They have not and can not put forward proof of ownership.  I can, and have.

6.   I am not a "former professional" photographer. My income today is derived, in part, from photography.

7.   The repeated assertion that I "never asked SI to return the original" isn't how it worked. SI returned the images at their own schedule as their regular business practice.

8.   The Motion fails to include the total context of the Lopez Decl. Ex. A where Allsport/Getty Images says, in addition to its reference on Pg. 14 of 44 that - "We believe this shipment includes all of your contributor film. Considering the number of transparencies in Allsport's files (more than 4 million) it is possible that additional transparencies may be discovered, at which time we shall promptly return them to you." That is a legal and binding contract under California law - a contract that Allsport/Getty violated when they scanned the image.

9.   The Motion also claims Allsport/Getty returned images "all of which identified Mr. Masck as the photographer". That is yet another false claim. The Rule 26 disclosures I provided proves that claim to be false because completely blank or others without my name were also returned to me. Getty can't have it both ways. They can't on the one hand, return slides to me that have nothing that identifies them being mine - to

me, and on the other hand claim the slide with the work in question has no identification yet they don't know who it belongs to.

10.  With the exception of the image at issue in this case - each and every of the approximately 500 images from the 1991 NCAA football season have a named byline (a person) indicated as the photographer. Getty does not address this rather difficult to address point of omission of metadata (CMI) in the files. [*See attached*, incorporated by this reference.]

11.  Getty claims they have "every reason to believe the disputed Howard image belonged to it, based on (a) Allsport's representations that the vast majority of its collection was wholly owned". "Vast Majority" does not mean all in any dictionary I've checked. Getty uses "vast majority" to cover what would otherwise be its failure of reasonable due diligence.

12.  Getty does not detail how wholly-owned and not wholly-owned were designated at the time of sale of the business to Getty. Getty doesn't disclose how they new which were wholly owned and which were not. Getty, acting recklessly and showing disrespect for the photographer's byline and what a byline means to a photographer's earning potential and career development - claimed this very famous image was created by someone who could not be named. Getty itself claimed some anonymous individual was its creator. And this would be the only 1 of about 500 images from that year in NCAA football without a named byline.

13.  Further, Allsport never sold a license to the image from whenever they got the slide to the time they sold their business to Getty. Allsport didn't sell a license because it

wasn't theirs to license and Getty uses this "wholly-owned" claim to convert what was not Allsport's - to Getty. If EA sports knew to come to me for purchase, Getty reasonably could have as well.

14.  The Motion claims - "(He does not explain how they would have known to give him credit.)".  EA Sports went looking for the photographer to purchase rights for their video game, they came to me and purchased it. Others did the same. At very least, Getty Images did no due diligence to determine the image's rightful owner others had no problem doing.

15.  We know that Getty's actions relating to the byline were criminal, however. Getty Images purposely and intentionally removed CMI in violation of Section 1202(c) of the DMCA that was added to the file at or around the time of scanning. There is no Dastar or Lanham prohibition based on a violation of CMI.

16.  Further, after copyright registration and after notice to the Heisman/Nissan parties, and notice to Getty, Getty stopped selling the image. After all that, Nissan created a derivative work and published that work in ESPN's magazine and Sports Illustrated - intentionally and willfully violating my copyright.

17.  Again, on Pg. 23, the Motion claims,"he waited two decades to register his copyright or make any real attempt to enforce it" is as false as it was at the beginning of the document. Hoping that if it is repeated and repeated it might be believed and somehow morph into a truth. Nothing can be farther from the case.

18.  The Motion asserts that I "delayed unreasonably" in bringing claims. The defendant knows this is false based on my deposition and disclosures. I began notifying parties

of the infringements within a month of discovery. Further, my first two attempts at

legal representation didn't serve me for various reasons. During this time, none of the

defendants made any reasonable attempts at resolving the dispute.

19.   We know much of what is claimed on Pg. 25-27 is false based on:

• the metadata (CMI) that existed in the image and was removed (*See attached*)

• the obvious contradiction of images of NCAA football from 1991 where some 500

images - all except the one at issue here - have named bylines

• other parties easily located me to purchase the image, including EA Sports. If EA

Sports found me, Getty could have, but instead they acted recklessly and stole the

image.

• Allsport/Getty violated the contract it made with me on March 13, 2002 when they

included this contract along with return of slides: "We believe this shipment includes

all of your contributor film. Considering the number of transparencies in Allsport's

files (more than 4 million) it is possible that additional transparencies may be

discovered, at which time we shall promptly return them to you."

I declare under the pains and penalties of perjury that the foregoing Affidavit is true to the best of
my knowledge, information and belief.

Dated: January 30, 2014                          _____

                                          Brian D. Masck

## 17 U.S. CODE § 1202 - INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION

In the fall of 2013, GettyImages.com contained approximately five-hundred (500) 1991 college football images for sale (this is disclosed under Rule 26). All but one had a named byline in the metadata. That single image, the famous Desmond Howard Heisman Pose photo, was the only image without the named photographer's byline of its creator, Brian Masck. Getty alleges they obtained those images from their acquisition of Allsport. Getty Images needs to explain this egregious inconsistency.

At the same time, approximately nine images with Brian Masck's byline were for sale. Getty alleges they obtained those images as well from their acquisition of Allsport.

Getty Images has not put forward an explanation why they purposely removed Brian Masck's name from his image — the most famous college football photo of all time.

Did Getty just not know who took the photo? That is not likely because others, like EA Sports, located Mr. Masck in order to purchase the image directly from the photographer. If EA Sports knew, Getty Images new. But this is not speculation, we actually know that Getty Images knew the photographer's name was Brian Masck.

Metadata tells us that fact. *(Photo metadata is text that becomes part of the image file to describe the photo. It can include information like photographer's name, city, state, caption, details, etc. Metadata normally follows international standards, including IPTC, XMP, and other standards for data interchange.)*

In copyright law, that metadata is called Copyright Management Information or CMI. and is addressed in 17 U.S. Code § 1202 - Integrity of Copyright Management Information.

Getty falsified the CMI in my photo, in violation of the 17 U.S. Code § 1202(a), with intent to induce infringement and removed or altered CMI in violation of 17 U.S. Code § 1202(b).

CMI found in files sold by Getty Images and published on the internet prove Getty Images knew that Brian Masck was indeed the photographer. As some point, Getty took action to remove Mr. Masck's byline from his work for sale at GettyImages.com

Not only was the byline known, a "D" number, a set of cataloging numbers used by Getty Images - was also embedded in the metadata (docs disclosed under Rule 26). That's not something someone outside Getty Images would know to create and add to the file.

Once in the file, who, at Getty Images, took steps to remove it?

Since Getty had no rights to the image, but somehow had a copy, they wanted to do everything in their control to keep potential customers, like EA Sports who paid $8,000 for a license, from coming to Brian Masck to purchase the photo.

Using the combination of CMI and published photo credits we will learn that Getty Images intentionally and purposely removed the Brian Masck byline from his work after first putting it there.

Since Getty had no rights to the image, but somehow had a copy, they wanted to do everything in their control to keep potential customers from coming to Brian Masck to purchase the photo.

The only possible source for this altered CMI is Getty Images. All independent sources, detailed below, can't just invent metadata that miraculously matches each other. Nor can they invent the byline that somehow reads "Brian Masck/Getty Images." That information had to have come from Getty.

Getty Images knew that Brian Masck was the photographer and removed CMI from the listing that was made publicly available in violation of 17 U.S. Code § 1202(a) and 17 U.S. Code § 1202(b).

Here is background in detail:

As of November 20, 2013, nine images, credited to Brian Masck and Getty Images remain online. There may be more that I haven't located. Here are the links:

1) http://sportsillustrated.cnn.com/multimedia/photo_gallery/0908/cfb.memorable.heisman.moments/content.3.html

2) http://www.sikids.com/photos/10547/memorable-heisman-moments/3

3) http://www.sbnation.com/2010/11/23/1123134/today-in-sports-history-november-23rd

4) https://picasaweb.google.com/lh/photo/Ax9BD-5mJU9AO3lGecR8okEDC5qX-IaTfRqLOH8_1kA

5) https://picasaweb.google.com/lh/photo/2g0lv_2r8fRUfrXRDuZvxLguV1aBt53zBgApuBHJayU

6) https://picasaweb.google.com/lh/photo/MEMaKbo6nmgXkO9J21Flz9MTjNZETYmyPJy0liipFm0

7) http://worldhistoryproject.org/photos/e8f07dade697abb9305ef00633c6e5ff

## SPORTS ILLUSTRATED WEB PAGES

The first two links - to Sports Illustrated web pages - lead to image files, when downloaded contain identical metadata as shown below:

| Description: | Michigan WR Desmond Howard (21) strikes "Heisman" pose after scoring 93–yard TD vs. Ohio State; Ann Arbor, MI 11/23/1991<br>CREDIT: Brian Masck/Getty Images<br>SetNumber: D109859 |
|---|---|

Both pages credit the photo to Brian Masck/Getty Images. The text was written by Gene Menez of SI.com.



When this photo is downloaded and opened in Photoshop, the CMI below is revealed.

The CMI explains why the credit line Brian Masck/Getty Images was published.



# SB★NATION

The SB★NATION web page also credits Brian Masck, Getty Images for the photo. Specifically here's how it reads -  (Howard after his 93-yard TD. Photo by Brian Masck, Getty Images)



## THE "D" NUMBERS

There are "D" numbers affixed to transparencies returned by Allsport shown in the image below. A "D" number has also been located in the CMI and credit of the image at issue in this case.



## GOOGLE'S PICASA SYSTEM

Three examples found in the Picasa system show the identical CMI found in the Sports Illustrated web pages. Those Picasa web pages are attributed to users named "LOKISlog7" and "Bo Studley". (Below are screenshots of the caption area only of the 3 Picasa pages):



Michigan WR Desmond Howard (21) strikes "Heisman" pose after scoring 93-yard TD vs. Ohio State; Ann Arbor, MI 11/23/1991CREDIT: Brian Masck/Getty ImagesSetNumber: D109859



Michigan WR Desmond Howard (21) strikes "Heisman" pose after scoring 93-yard TD vs. Ohio State; Ann Arbor, MI 11/23/1991 CREDIT: Brian Masck/Getty Images SetNumber: D109859暗槻ω

Michigan WR Desmond Howard (21) strikes "Heisman" pose after scoring 93-yard TD vs. Ohio State; Ann Arbor, MI 11/23/1991 CREDIT: Brian Masck/Getty Images SetNumber: D109859





Michigan WR Desmond Howard (21) strikes "Heisman" pose after scoring 93-yard TD vs. Ohio State; Ann Arbor, MI 11/23/1991 CREDIT: Brian Masck/Getty Images SetNumber: D109859







Getty Images - Michigan Wolverines v Ohio State          http://www.gettyimages.com/detail/52958999/Getty-Images-Sport

**getty**images®          ◄   ►



Title: Michigan Wolverines v Ohio State

Caption: 1991: Desmond Howard #21 of the Michigan Wolverines runs makes the 'Heisman' pose right after making a 93 yard touchdown against Ohio State circa 1991 in Ann Arbor, Michigan. Wolverines won 31 -3. (Photo by Getty Images)

Date created: 19 Oct 1991

Editorial image #: 52958999

Restrictions: Contact your local office for all commercial or promotional uses. Full editorial rights UK, US, Ireland, Australia, NZ, Canada (not Quebec). Restricted editorial rights for daily newspapers elsewhere, please call.

License type: Rights-managed

Photographer: Getty Images/Staff

Collection: Getty Images Sport

Credit: Getty Images

Max file size/dimensions/dpi: 26.1 MB - 3700 x 2463 px (12.33 x 8.21 in.) - 300 dpi
Download file size may vary.

Source: Getty Images North America

Release information: Not released. More information

Copyright: 1991 Getty Images

Keywords: Garden, Run, Activity, Sport, Full Length, 18-19 Years, Making, USA, Michigan, Ohio, Ann Arbor, Touchdown, Portrait, Michigan Wolverines, NCAA College Football, Desmond Howard, NCAA College Conference Team, Ohio State Buckeyes. Find similar images

Availability: Availability for this image cannot be guaranteed until time of purchase.

