# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF MICHIGAN

BRIAN MASCK,

    Plaintiff,

v.

SPORTS ILLUSTRATED; NISSAN
NORTH AMERICA; GETTY IMAGES,
INC.; CHAMPIONS PRESS, LLC;
DESMOND HOWARD; PHOTO FILE,
INC.; FATHEAD, LLC; WAL-MART
STORES, INC.; WAL-MART.COM
USA, LLC; and AMAZON.COM, INC.

    Defendants.

Case No. 2:13-CV-10226
Hon. Gershwin A. Drain

_____

**REPLY IN SUPPORT OF
DEFENDANT CHAMPIONS PRESS, LLC'S MOTION FOR PARTIAL
SUMMARY JUDGMENT ON CLAIMS FOR STATUTORY DAMAGES
AND ATTORNEY FEES**

Defendant Champions Press, LLC (" Champions") filed this motion seeking application to it of this Court's ruling in its June 11, 2013 Order that statutory damages and attorney fees were barred as to any defendant whose alleged infringement commenced before the registration date. Plaintiff Brian Masck ("Masck") opposes this motion on two grounds. First, Masck argues that the type of infringement alleged to have occurred by Champions after the registration date was different than the type alleged before the registration date. Second, he argues that attorney fees are still available because infringement by Champions occurred of a derivative work after the registration date.

A.   **Statutory Damages**

Masck contends that Champions' infringement by copying before the registration date is immaterial because Champions' infringement was by publication after the registration date. He relies only on *Data General Corp. v. Grumman Sys. Support Corp.*, 795 F. Supp 501, 504 (D. Mass. 1992) for this proposition. However, *Data General* did not consider the issue of whether statutory damages are available if the infringement that occurred after the registration date is of a different type than the infringement that occurred before the registration date. The issue examined in *Data General* was whether statutory damages are available for infringement of derivative works after registration. As

to that issue, the court in *Data General* held that statutory damages were not available:

> I hold that the various revisions of ADEX are derivative of Rev. 0.0. In accordance with § 504, statutory damages are therefore limited to those which flow from Grumman's use of ADEX 0.0, and in accordance with § 412, Grumman is not liable for statutory damages for its use of ADEX 0.0 because that work had not been registered at the time Grumman began using it. Thus, Grumman is not liable for statutory damages for using any versions of ADEX.

795 F. Supp. at 504.

Masck ignores this holding and instead argues that *Data General* allows for statutory damages for derivative works published after registration: "*Data General* supports the position that even publication of a first work prior to registration, and then publication of a derivative work after publication[1], allows statutory damages and attorney fees to attach to the derivative work as a separate act of infringement." (Masck's Response at p. 5). However, as the above excerpt shows, *Data General* held specifically that statutory damages are <u>not</u> available for derivative works if not available for the original work. In any event, in this case, Masck does not argue that infringement of a derivative work occurred by Champions.

More generally, as to whether the bar under § 412 against statutory damages distinguishes between the type of infringement, the operative test is if the infringement commenced before the registration date, not when particular types of

---

[1] This second use of "publication" in this clause appears to be a typographical error and likely was intended to be "registration."

3

infringement commenced: "The Sixth Circuit held that infringement 'commences' for the purposes of § 412 when the first act in a series of acts constituting continuing infringement occurs."  (6/11/2013 Opinion at 10) (citing *Johnson v. Jones*, 149 F.3d 494, 506 (6th Cir. 1998)).  There is no authority, and none cited by Masck, for the proposition that infringing conduct can be separated into *types* of infringement, with each type measured against the registration date and, if a type occurred only after the registration date, statutory damages are available.  The relevant analysis is only whether there was infringement and when it commenced.

In *Mason v. Montgomery Data, Inc.*, 967 F.2d 135, 143 (5th Cir. 1992), the court noted the broad scope of the bar and that it does not differentiate between specific infringement: "Congress' intent that statutory damages be denied not only for *the particular infringement* that a defendant commenced before registration, but for all of that defendant's infringements of a work if one of those infringements commenced prior to registration."  (emphasis in original).

In *Bouchat v. Bon Ton*, 506 F.3d 315 (4th Cir. 2007), the court discussed how a type of infringement (copying) that occurred after the registration date was barred because a different type of infringement (distribution) occurred before the registration date:

> The following hypothetical illustrates our holding.  Suppose that in January 1997, **several months after Bouchat registered his copyright, a sweatshirt manufacturer, M Corp., printed a batch of Ravens sweatshirts bearing the Flying B pursuant to an NFLP**

4

> **license. Production of the sweatshirts violated Bouchat's exclusive right to "re-produce the copyrighted work in copies**," 17 U.S.C. § 106(1), and was thus an infringement. NFLP's authorization of M Corp.'s use of the Ravens logo gave rise to M Corp.'s act, making NFLP and M Corp. jointly and severally liable for the infringement. **But NFLP began public display and commercial distribution of the offending logo before Bouchat's registration**. As a result, "the first act in a series of acts constituting continuing infringement," *Johnson,* 149 F.3d at 506, would be the first display and distribution by NFLP in June 1996, before Bouchat's registration. Bouchat would be entitled in this hypothetical to injunctive relief, actual damages, and infringement profits against M Corp. and NFLP. **Statutory damages, however, would not be an option because the continuing infringement commenced before registration.**

*Id.* at 331 (4th Cir. 2007) (emphasis added).

Everything alleged as to Champions stems from acts before the registration date -- the copying of the photo before registration, the inclusion of it into Champions' book before registration and the printing of the book before registration. These facts show that the alleged infringement commenced before the registration date. Therefore, statutory damages are barred.

  **B. Attorney Fees**

Masck attempts to save his claim for attorney fees under 17 USC § 505 by further relying on *Data General*. On the issue of attorney fees, *Data General* only examined whether attorney fees were potentially available for "separately registered derivative works" even if statutory damages were barred for the original works. The court held that, unlike the issue of statutory damages, for attorney fees

under § 504, derivative works are treated different than the original work for determination of attorney fees.

> I hold that for purposes of awarding attorneys' fees under § 505, **separately registered derivative works** are not to be considered as constituting the same work as the original. Consequently, § 412 does not bar the award of attorneys' fees for infringement of such **separately registered derivative works**. (Emphasis added).

*Id.* at 504. This does not help Masck because he does not allege the infringement of a derivative work by Champions and, more importantly, he never registered any derivative work. Therefore, the claim for attorney fees is barred.

Defendant Champions Press LLC requests that the claim for statutory damages and attorney fees be dismissed.

                                              TIMOTHY E. GALLIGAN PLLC

                                              By: /s/ Timothy E. Galligan
                                                   Timothy E. Galligan
                                                   39 South Main St., Suite 24
                                                   Clarkston, MI 48346
                                                   (248) 241-6179
                                                   galligan@galliganpllc.com
                                                   Attorney for Defendant
                                                   Champions Press, LLC

Dated: February 13, 2014

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 13, 2014, a true and correct copy of the forgoing was filed electronically using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                                          /s/Timothy E. Galligan