# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

BRIAN MASCK,

       Plaintiff,

v.

SPORTS ILLUSTRATED;          Case No. 2:13-CV-10226
NISSAN NORTH AMERICA;
GETTY IMAGES, INC.;
CHAMPIONS PRESS, LLC;      Hon. Gershwin A. Drain
DESMOND HOWARD; PHOTO
FILE, INC.; FATHEAD, LLC;
WAL-MART STORES, INC.;
WAL-MART.COM USA, LLC; and
AMAZON.COM, INC.

           Defendants.

---

| | |
|---|---|
| Stephen M. Rummage | J. Michael Huget (P39150) |
| Ambika K. Doran | James E. Stewart (P23254) |
| Davis Wright Tremaine LLP | Honigman Miller Schwartz and Cohn LLP |
| 1201 Third Avenue, Suite 2200 | 130 S. First Street, Ste. 400 |
| Seattle, WA 98101 | Ann Arbor, MI 48104 |
| (206) 757-8136 | (734) 418-4254 |
| steverummage@dwt.com | mhuget@honigman.com |
| ambikadoran@dwt.com | jstewart@honigman.com |
| | |
| *Attorneys for Defendants Getty Images, Inc., Sports Illustrated, Nissan North America, Amazon.com, Inc., Wal-Mart Stores, Inc., Wal-Mart.com USA, LLC, Photo File, Inc., and Fathead LLC* | *Attorneys for Defendants Getty Images, Inc., Sports Illustrated, Nissan North America, Amazon.com, Inc., Photo File, Inc., and Fathead LLC* |

# BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

# TABLE OF CONTENTS

**Page**

VII.  INTRODUCTION ....................................................................................1

VIII. STATEMENT OF UNDISPUTED FACTS.....................................................3

IX.   GOVERNING STANDARD:  GOOD CAUSE.................................................5

X.    ARGUMENT...................................................................................................6

      A.   Mr. Masck Has Not Shown Good Cause for Failing to Amend
          His Complaint in a Timely Fashion. ....................................................6

      B.   The Proposed Amendment and the Related Case Schedule
          Modification Would Prejudice Defendants...........................................9

      C.   Any Amendment Would Be Futile, as Mr. Masck's Proposed
          Additional Claims Lack Merit............................................................10

XI.   CONCLUSION...............................................................................................13

i

## ISSUES PRESENTED

Whether the Court should deny Plaintiff's Motion for Leave to File First Amended Complaint, adding claims and parties to this case, because Plaintiff has failed to satisfy the standards of Federal Rules of Civil Procedure 15 or 16, where (a) he has known the facts forming the basis for his proposed new claims since at least October 2013; (b) he allowed the deadlines for discovery and dispositive motions to lapse without taking any action to add claims or parties; and (c) in any event, the proposed amendment would be futile.

DWT 23500610v5 0053349-000103

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Foman v. Davis*,
    371 U.S. 178 (1962)

*Leary v. Daeschner*,
    349 F.3d 888 (6th Cir. 2003)

*Korn v. Paul Revere Life Insurance Co.*,
    382 Fed. App'x 443 (6th Cir. 2010)

*Wade v. Knoxville Utilities Board*,
    259 F.3d 452 (6th Cir. 2001)

*Duggins v. Steak 'N Shake, Inc.*,
    195 F.3d 828 (6th Cir. 1999)

DWT 23500610v5 0053349-000103

# I.     INTRODUCTION

Brian Masck's motion for leave to amend comes too late.  Mr. Masck proposes to add three new defendants:  Optimum Media Direction ("OMD") and TBWA\Chiat\Day ("Chiat\Day"), the advertising agencies responsible for the Nissan ad using the disputed Desmond Howard image, as well as ESPN, which ran Nissan's ad in its magazine.  His proposed Amended Complaint would also add a claim against Getty Images (US), Inc.,[1] under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202.  But the proposed amendment comes four months after Mr. Masck learned about the facts underlying the new claims, two months after the discovery cutoff, and weeks after the dispositive motion deadline.

Granting the amendment would require the Court to alter the case schedule and vacate the trial date to accommodate discovery from and by the new parties, as well as on the new DMCA claim against Getty Images.  Further, the new parties have the right to motion practice on Mr. Masck's claims, as does Getty Images on the DMCA claim.  Under Fed. R. Civ. P. 16 and Sixth Circuit authority, the need to revise the scheduling order requires Mr. Masck to establish good cause for his amendment.  His Motion makes no effort to satisfy that standard.  Indeed, he cannot even satisfy Rule 15's more lenient standard for amendments:

---

[1] Mr. Masck erroneously named Getty Images, Inc., which is not the proper party. The other defendants joining in this Opposition are Sports Illustrated, Nissan North America, Amazon.com, Inc., Wal-Mart Stores, Inc., Wal-Mart.com USA, LLC, Photo File, Inc., and Fathead LLC ("Defendants").

1

*First*, courts routinely deny motions to amend based on lack of diligence. Mr. Masck has known the basis for his DMCA claim since he filed this action. And when he took OMD's deposition four months ago, he learned the facts that form the basis for his claims against OMD, Chiat\Day, and ESPN.  His Motion does not attempt to explain his delay, and that alone merits denying the Motion.

*Second*, granting the amendment would prejudice Defendants.  Defendants suffer prejudice sufficient to deny leave to amend if they must stand aside while new defendants play catchup—especially where (as here) discovery has closed.  A defendant also suffers prejudice when it must devote time and resources to claims first asserted after discovery and dispositive motion deadlines in the case schedule. Under the law of this Circuit, this type of prejudice merits denial of the Motion.

*Third*, Mr. Masck's proposed amendment would be futile.  As Defendants explained in their summary judgment motion [Dkt. 107], laches principles bar Mr. Masck's claims, and he lacks evidence to prove claims for monetary relief.  These arguments apply equally to these proposed new claims.  Chiat\Day had nothing to do with use of the Howard image, and Mr. Masck knows that.  Further, for reasons explained in Defendants' summary judgment motion, (a) Mr. Masck has no right to statutory damages against the new defendants and (b) Chiat\Day, OMD, and ESPN earned no profits attributable to the alleged infringement.  Finally, Mr. Masck cannot show Getty Images' alteration or modification of metadata, much less its

DWT 23500610v5 0053349-000103

knowledge or intent to conceal infringement, as required to assert a DMCA claim.

## II.     STATEMENT OF UNDISPUTED FACTS

This dispute concerns a photograph of Desmond Howard, which Mr. Masck alleges he took in Fall 1991.  Dkt. 1 ¶ 22.  Twenty-one years later, Mr. Masck filed this action, alleging all ten defendants (including Mr. Howard himself) copied the photograph without his permission.  He asserted claims for copyright infringement, violations of the Lanham Act and the Michigan Consumer Protect Act, and unjust enrichment.  The Court dismissed the state law claims in June 2013.  Dkt. 69.

On June 11, 2013, the Court issued a Scheduling Order, which set May 13, 2014, as the trial date.  Dkt. 70.  Further, it established that "[d]iscovery shall be completed on or before the date set forth in the scheduling order," i.e., December 5, 2013.  The Order also set a January 6, 2013, deadline for dispositive motions. No party sought to extend any of these deadlines.

On July 19, 2013, Defendants served their initial disclosures, identifying six potential witnesses, including representatives of OMD and Chiat\Day, the media and advertising agencies "that helped create and/or place the advertisement [for Nissan] about which Mr. Masck complains."  Doran Decl., Ex. A.  Presumably based on this disclosure, Mr. Masck took OMD's deposition on October 3, 2013. Summ. J. Opp. [Dkt. 116] Ex. 5.  At the deposition, he learned:  (1) OMD helped select the Howard image for Nissan's advertisement, *id.* at 21:10-15; (2) Chiat\Day

3

provided copy and layout (but ***not*** the photograph) for the ad, *id.* at 53:13-16; and (3) Nissan or its agents bought ad space in *ESPN the Magazine*, which ran a Nissan ad with the allegedly infringing photograph on October 3, 2011, *id.* at 56:1-12.

Mr. Masck chose to take ***only*** that one deposition.  And he chose ***not*** to take any written discovery until November 18, 2013, when he mailed interrogatories to each Defendant.  Rummage Decl ¶ 8.  Because responses would not be due until December 23, 2013, weeks after the discovery cutoff, Defendants' timely responses objected that (among other things) the discovery was untimely.  *Id.*  Mr. Masck did not express concern about the objections.  *Id.* ¶ 9.

On January 6, 2014, the dispositive motion deadline, Getty Images and seven other defendants moved for summary judgment.  After obtaining a stipulated extension of time to respond to the summary judgment motion, Mr. Masck filed this Motion on January 31, 2014.  In a footnote to the Motion for Leave to Amend, Mr. Masck explains the amendment "is designed to add three Defendants."  Dkt. 119-2 at 1 n.1.  In fact, the proposed amendment would, if allowed, add copyright infringement claims against OMD, Chiat\Day, and ESPN.  *See* Proposed First Am. Compl. at ¶¶ 144-46.[2]  In addition, it would add a claim against Getty Images for violation of the DMCA, 17 U.S.C. § 1202(a) & (b).  *Id.* at ¶¶ 136-37.  As support

---

[2] Mr. Masck's proposed First Amended Complaint still mis-numbers his allegations:  after Paragraph 161, the numbering restarts with Paragraph 130.  This repeats an error in the initial Complaint, which Defendants previously pointed out to Mr. Masck.  *See* Motion to Dismiss [Dkt. 32] at 5 n.2.

DWT 23500610v5 0053349-000103

for this claim, Mr. Masck alleges "Getty scrubbed all of the metadata from Plaintiff's photograph." *Id.* Mr. Masck took no discovery about this alleged scrubbing of metadata, and he cites no evidence suggesting it occurred.

### III.   GOVERNING STANDARD:  GOOD CAUSE

Mr. Masck's Motion implies he has a near absolute right to an amendment, citing Fed. R. Civ. P. 15 for the proposition that courts "freely give leave when justice so requires."  But Mr. Masck ignores the settled Sixth Circuit principle that "a different standard applies" when "a proposed amendment is so late that it would require the modification of a Rule 16 scheduling order." *Korn v. Paul Revere Life Ins. Co.*, 382 Fed. App'x 443, 449 (6th Cir. 2010) (citing *Leary v. Daeschner*, 349 F.3d 888, 905-09 (6th Cir. 2003)).  At that point, "a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary*, 349 F.3d at 909. If the moving party shows good cause, "a determination of the potential prejudice to the nonmovant also is required." *Id.*

Mr. Masck also overstates the generosity of Rule 15.  Under Fed. R. Civ. P. 15(a)(2), the Court may deny leave to amend because of undue delay; undue prejudice to the other party; futility of the proposed new claim; or bad faith by the moving party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999).  "Notice and substantial prejudice

5

to the opposing party are critical factors in determining whether an amendment should be granted." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001) (citation and internal quotation marks omitted).

Rule 16 governs here. If the Court were to permit the amendment, the new complaint would add new parties and a claim on which no discovery and no motion practice has taken place. This would require reopening discovery and extending the deadline for dispositive motions, for neither Getty Images nor the proposed new defendants can be expected to defend themselves without either. Thus, Mr. Masck must prove *both* "good cause" for a modification *and* that Defendants would not suffer prejudice. *Korn*, 382 Fed App'x at 450; *Hale v. Corr. Med. Servs., Inc.*, 2012 WL 4382361, at *10-11 (W.D. Mich. 2012) (Rule 16 standard governs motion to amend filed after close of discovery). He fails on both fronts.

## IV.   ARGUMENT

### A.   Mr. Masck Has Not Shown Good Cause for Failing to Amend His Complaint in a Timely Fashion.

Under Rule 16, "good cause is measured by the movant's diligence in attempting to meet the deadlines." *Interstate Packaging Co. v. Century Indem. Co.*, 291 F.R.D. 139, 146 (M.D. Tenn. 2013). Under Rule 15, undue delay occurs when a plaintiff is "'obviously aware of the basis of the claim for many months but nonetheless failed to pursue the claim." *Leary*, 349 F.3d at 908 (quoting *Duggins*,

6

195 F.3d at 834).  Mr. Masck makes no effort to meet either standard.  Mr. Masck

showed his disregard for the Court's deadlines by serving late interrogatories and

failing to take depositions before the cutoff, ignoring Defendants' efforts to

schedule them.  (Defendants will address Mr. Masck's failure to meet the cutoff in

response to his Motion to Compel.[3])  He perpetuated his neglect by delaying this

motion for months after he learned of the facts underlying his new allegations.

Mr. Masck learned of OMD's and Chiat\Day's involvement on July 19,

2013, more than *six months ago*, when Nissan and Sports Illustrated disclosed

OMD's and Chiat\Day's role in the Nissan Heisman ad campaign, which featured

ads using images of several Heisman Trophy winners.  Then, on October 3, 2103,

Mr. Masck took OMD's deposition.  During the deposition (the transcript of which

is in the Court's file, Dkt. 116, Ex. 5), Mr. Masck probed the agencies' roles in the

Nissan ad campaign.  He also discovered the basis for his proposed claim against

ESPN:  OMD testified *ESPN the Magazine* published an ad featuring the Howard

image in October 2011.  Summ. J. Opp. [Dkt. 116], Ex. 5 at 21:10-15, 53:13-16,

56:1-12.

Mr. Masck's new DMCA claim, on the other hand, rests on speculation that

---

[3] Defendants refer the Court to their response to the Motion to Compel.  It bears repeating that Mr. Masck is verifiably wrong when he asserts Defendants failed to offer deposition dates:  the written record shows Defendants provided dates for each of six requested deponents within the discovery period and *repeatedly* reminded Mr. Masck of the impending discovery cutoff.  *See* Rummage Decl. Dkt. 122.  Mr. Masck elected not to schedule the depositions.

DWT 23500610v5 0053349-000103

Getty Images intentionally "scrubbed all of the metadata" from the photo in dispute. The basis for this allegation is unclear, since the uncontradicted evidence shows Getty Images uploaded the photo from a hard copy slide, not from a digital image with associated metadata. *See* Sundberg Decl. [Dkt. 107-8] ¶ 3. In any event, Mr. Masck points to no relevant facts that he could not have obtained with reasonable diligence within the time necessary to seek amendment without revising the case schedule. Indeed, he appears to base his claim in part on information appearing on slides Getty Images returned to him in 2002. *See* Masck Decl. [Dkt. 116, Ex. 1] ¶¶ 8-9 & attachment. But Mr. Masck has had those slides for ***more than a decade.*** He has always known them to be relevant to this dispute: he attached copies to his June 21, 2013 Initial Disclosures. Doran Decl. ¶ 3.

Mr. Masck had every fact needed to add these claims and defendants ***at the latest*** by October 3, 2013—months before the discovery and dispositive motion deadlines. "It is not that Plaintiff could not have brought this theory before the deadline, [he] just did not, or chose not to, or … 'missed it.'" *Interstate Pkg.*, 291 F.R.D. at 146 (denying leave to amend requiring modification of scheduling order). "'[A] party is not entitled to wait until the discovery cutoff date has passed and a motion for summary judgment has been filed on the basis of the claims asserted in the original complaint before introducing entirely different legal theories in an amended complaint.'" *Midland Funding LLC v. Brent*, 2010 WL 703066, at *3

8

(N.D. Ohio 2010) (denying leave to amend) (quoting *Priddy v. Edelman*, 883 F.2d

438, 446 (6th Cir. 1989)).  The Court should deny the Motion on this basis alone.

      **B.**    **The Proposed Amendment and the Related Case Schedule
Modification Would Prejudice Defendants.**

Even if Mr. Masck ***could*** show good cause, amendment would prejudice

Defendants, meriting denial of his Motion (again, whether Rule 15 or Rule 16

applies).  Under Rule 16, the Sixth Circuit has held an amendment requiring

modification of the case schedule after the discovery cutoff or dispositive motion

deadline prejudices a defendant.  *Leary*, 349 F.3d at 909; *Korn*, 382 Fed. App'x at

450.  Similarly, under Rule 15, "[a]n amendment to a complaint prejudices a party

where the amendment will require the party to prepare an additional defense

strategy and expend additional resources to defend against new claims."  *Hamilton*

*v. Williamson*, 2009 WL 929918, at *3 (E.D. Mich. 2009).  *See Miller v. Admin.*

*Office of Courts*, 448 F.3d 887, 898 (6th Cir. 2006) (affirming prejudice where

"discovery deadline had already passed and the deadline for filing dispositive

motions . . . was imminent"); *Duggins*, 195 F.3d at 834 ("allowing amendment

after the close of discovery creates significant prejudice, and other circuits

agree.").

The proposed amendment here would result in precisely that sort of

prejudice.  A modification of the scheduling order—to allow for service of the

First Amended Complaint, re-open discovery, and litigate motions to dismiss

9

and/or motions for summary judgment—will move the trial of the existing claims into the future and "most likely result in the claims against the original defendants languishing for an extended period of time, prejudicing the original defendants, who are entitled to an opportunity to defend these claims in a timely manner." *Stewart v. King*, 2011 WL 237678, at *7 (M.D. Tenn. 2011) (denying motion to amend requiring modification of scheduling order).

Meanwhile, Getty Images will "be prejudiced by having to [s]pend [its] time and resources defending claims [i.e., the newly proposed DMCA claim] that could have been raised at the outset of this litigation"—at least well before the discovery cutoff and dispositive motion deadline. *Hale*, 2012 WL 4382361, at *11. Had Mr. Masck sought to amend earlier, Getty Images could have examined him about the facts underlying his DMCA claim when it took his deposition on November 15, 2013, and included the DMCA claim in its motion to dismiss and/or its motion for summary judgment. But an amendment at this point will force Getty Images (not to mention the three new defendants) to start over again with a Motion to Dismiss, while claims against the remaining Defendants linger. "Allowing amendment at this late stage in the litigation would create significant prejudice to the defendants." *Duggins*, 195 F.3d at 834. This prejudice merits denial of the motion to amend.

### C.   Any Amendment Would Be Futile, as Mr. Masck's Proposed Additional Claims Lack Merit.

Even if Rule 15 alone governed Mr. Masck's motion, the Court should also

deny it because the amendment would be futile. *Foman*, 371 U.S. at 182.

**First,** as Defendants explained in their summary judgment motion [Dkt. 107], laches bars all of Mr. Masck's claims, based on Mr. Masck's longstanding dilatory conduct. That bar applies equally to his new claims, which, as he states, are premised on the "selfsame transactions" as those alleged in the Complaint. Mot. to Amend [Dkt. 119] at 1-2.

**Second**, as Defendants explained in their summary judgment motion, Dkt. 107 at 19-21, Mr. Masck cannot recover statutory damages or profits from OMD, Chiat\Day, or ESPN. OMD's testimony showed the Howard image was only one photo used in the broader (and longstanding) Nissan Heisman ad campaign, and Chiat\Day had nothing to do with licensing it. And *ESPN the Magazine* simply sold space in which an ad for the Nissan Heisman campaign appeared. In these circumstances, any profits earned by OMD, Chiat\Day, and ESPN are not attributable to the infringement. *See, e.g.*, *Bouchat v. Baltimore Ravens, Inc.*, 215 F. Supp. 2d 611, 618 (D. Md. 2002), *aff'd*, 346 F.3d 514 (4th Cir. 2003) (season ticket and broadcast revenues could not "possibly be considered as attributable to the infringing use," even though infringing logo appeared on all tickets). Nor can the new defendants be liable for statutory damages. A licensee cannot be liable for statutory damages where the licensor's infringing conduct "commenced" before copyright registration—a principle Mr. Masck does not dispute. *See* Summ. J.

11

Mot. [Dkt. 107] at 21 n.5.  Because Getty Images' alleged infringement "commenced" in 2005, years before registration, Mr. Masck cannot recover statutory damages against the proposed defendants any more than he can against other Defendants.

   ***Third***, it would be futile to add claims for violation of Sections 1202(a) and (b) of the DMCA.  Section 1202(a) prohibits providing, distributing, or importing false copyright information "knowingly and with the intent to induce, enable, facilitate or conceal infringement."  17 U.S.C. § 1202(a).  Section 1202(b) prohibits (1) "intentionally" removing or altering copyright management information; (2) distributing or importing copyright information "knowing" it has been improperly removed or altered; or (3) distributing or importing copies of works "knowing" copyright information has been improperly removed or altered and "knowing" it will it "induce, enable, facilitate or conceal an infringement."

   Nothing in the proposed amended Complaint suggests Mr. Masck can state a plausible claim Getty Images provided, removed, or altered false copyright management information, much less that it did so ***intentionally or knowingly***, as the law requires.  The Sixth Circuit has rejected the notion that a plaintiff can establish the requisite state of mind simply by arguing that "because the copyright information is absent . . . [the defendant] must have removed it."  *Gordon v. Nextel Commc'ns*, 345 F.3d 922, 927 (6th Cir. 2003).  Instead, Mr. Masck "must prove

12

that the defendants . . . ***possessed actual knowledge*** of the unauthorized change to copyright management information." *Id.* at 926 (emphasis added).  Mr. Masck's proposed amended complaint makes only a conclusory allegation, with no factual basis to suggest a plausible claim of actual knowledge (especially given uncontradicted evidence to the contrary, *see* Sundberg Decl. [Dkt. 107-8] ¶ 3), to support his claim regarding the alleged intentional "scrubbing" of metadata for the Howard photo.

### V.    CONCLUSION

For these reasons, Defendants ask the Court to deny Mr. Masck's motion.

Dated: February 18, 2014

*s/ Ambika K. Doran*
Stephen M. Rummage (*pro hac vice*)
Ambika K. Doran (*pro hac vice*)
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101
(206) 757-8136
steverummage@dwt.com
ambikadoran@dwt.com

J. Michael Huget (P39150)
James E. Stewart (P23254)
Honigman Miller Schwartz and Cohn LLP
130 S. First Street, Ste. 400
Ann Arbor, MI 48104
(734) 418-4254
mhuget@honigman.com
jstewart@honigman.com

13

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 18, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.  All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED this 18th day of February, 2014.

Davis Wright Tremaine LLP
*Attorneys for Defendants Getty Images, Inc., Sports Illustrated, Nissan North America, Amazon.com, Inc., Wal-Mart Stores, Inc., Wal-Mart.com USA, LLC, Photo File, Inc., and Fathead LLC*

By <u>*s/ Ambika K. Doran*</u>
    Ambika K. Doran
    WSBA #38237
    1201 Third Avenue, Suite 2200
    Seattle, Washington  98101-3045
    Telephone:  (206) 757-8030
    E-mail:  ambikadoran@dwt.com

14