# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

BRIAN MASCK,

    Plaintiff,

v.

SPORTS ILLUSTRATED;
NISSAN NORTH AMERICA;
GETTY IMAGES, INC.;
CHAMPIONS PRESS, LLC;
DESMOND HOWARD; PHOTO
FILE, INC.; FATHEAD, LLC;
WAL-MART STORES, INC.;
WAL-MART.COM USA, LLC; and
AMAZON.COM, INC.

    Defendants.

Case No. 2:13-CV-10226

Hon. Gershwin A. Drain

---

Stephen M. Rummage
Ambika K. Doran
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101
(206) 757-8136
steverummage@dwt.com
ambikadoran@dwt.com

*Attorneys for Defendants Getty Images, Inc., Sports Illustrated, Nissan North America, Amazon.com, Inc., Wal-Mart Stores, Inc., Wal-Mart.com USA, LLC, Photo File, Inc., and Fathead LLC*

J. Michael Huget (P39150)
James E. Stewart (P23254)
Honigman Miller Schwartz and Cohn LLP
130 S. First Street, Ste. 400
Ann Arbor, MI 48104
(734) 418-4254
mhuget@honigman.com
jstewart@honigman.com

*Attorneys for Defendants Getty Images, Inc., Sports Illustrated, Nissan North America, Amazon.com, Inc., Photo File, Inc., and Fathead LLC*

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS GETTY IMAGES, INC., SPORTS ILLUSTRATED, NISSAN NORTH AMERICA, AMAZON.COM, INC., WAL-MART STORES, INC., WAL-MART.COM USA, LLC, PHOTO FILE, INC., AND FATHEAD LLC**

Mr. Masck's Response points to no admissible evidence supporting his claims, almost entirely ignores Defendants' arguments, and makes no reference to (let alone attempts to distinguish) the controlling authorities.

The Court should grant summary judgment dismissing Mr. Masck's claims.

### A. Rule 56 Required Mr. Masck to Provide Probative Evidence to Defeat Summary Judgment.

"[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Greene v. Shinseki*, 2013 WL 6801119, at *4 (E.D. Mich. 2013) (Drain, J.) (quotation omitted). To justify summary judgment, Defendants need not "produce evidence showing the absence of a genuine issue of material fact"; instead, they may "point[] out ... an absence of evidence to support" Mr. Masck's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Mr. Masck then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Greene*, 2013 WL 6801119, at *4. This requires him to provide evidence sufficient to support a verdict on *each element* on which he has the burden. *Celotex*, 477 U.S. at 324.

Mr. Masck's Response does not cite any admissible evidence a trier of fact could use to find in his favor. Instead, it relies on windy rhetoric, sometimes accompanied by nonspecific citations to transcripts or treatises. But "[j]udges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927

1

F.2d 955, 956 (7th Cir. 1991). To raise an issue of fact, Mr. Masck had to "cit[e] to particular parts of materials in the record," and his declaration testimony needed to be "on personal knowledge" and "set out facts that would be admissible in evidence." Fed. R. Civ. P. 56(c)(1)(A) & (c)(4). To the extent Mr. Masck offers evidence at all, it is largely inadmissible.[1] And in any event, his meager evidentiary showing falls far short of what *Celotex* requires.

    **B.    Mr. Masck Has No Evidence Supporting His Lanham Act Claim.**

Mr. Masck's response to Defendants' Motion on his Lanham Act claim, a near verbatim copy of his response to their Motion to Dismiss, *see* Dkt. 54 at 5-11, merely confirms he has no evidence to support his claim. Although the Court was "not ready" when deciding the motion to dismiss to "conclude that Plaintiff's photo is an intangible item," Dkt. 69 at 6, it should do so now.

As the Court has found, while "[t]aking tangible goods and reselling them as your own constitutes a Lanham Act violation," "taking the intellectual property contained in those goods and incorporating it into your own goods does not." *Id.* Mr. Masck's Response makes clear his claim fits in the latter category. Mr. Masck

---

[1] Defendants ask the Court to strike the following material: (a) Paragraphs 10, 13, 14, 16, and 19 and the Exhibits to Mr. Masck's Declaration; and (b) the car sales figures on page 19 of his Response. Mr. Masck fails to authenticate the Exhibits. *See* Fed. R. Evid. 901. He has no personal knowledge of the matters in Paragraphs 10, 13, 14, and 16. *See* Masck Decl. [Dkt. 115] ¶¶ 10, 13, 14, 16, 19; *see* Fed. R. Evid. 602. And he neither cites a source for the car sales figures nor authenticates them. The Court should consider none of this material. *Guindon v. Twp. of Dundee*, 488 Fed. App'x 27, 32-33 (6th Cir. 2012) (rejecting inadmissible facts).

argues he is the source of "the actual physical embodiment—i.e. the slide itself—of the image." Resp. at 7. That is, the "tangible good" he "produced" is the slide. He does *not* claim Defendants reproduced his *slide* and passed it off as their own. Instead, he asserts Defendants incorporated his creative work into *other* products, e.g., the Nissan ads and the Fathead stickers. This claim sounds in copyright, as the court held in *Agence France Presse v. Morel*, 769 F. Supp. 2d 295 (S.D.N.Y. 2011), where (as here) the photographer claimed credit lines on his photos misrepresented the origin of the images by misstating the source and author.[2]

This Court previously distinguished *Morel*, reasoning the Howard image "is not as easily reduced to … an 'idea, concept, or communication'" as consumers may buy it "as a token of their fandom." Dkt. 69 at 7. But discovery has closed, and Mr. Masck adduced no evidence consumers regard his photo differently (in any material way) than the images in *Morel* or the videotapes in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003). Nor has he shown any member of the public was misled about the source of a physical product—the heart of any Lanham Act claim—as distinct from the creative work embodied in it.[3]

---

[2] Masck argues dismissal of his claim would "render[] meaningless Section 310(d) of the Copyright Act." Resp. at 10. The Copyright Act has no Section 310.

[3] Dismissal of Mr. Masck's Lanham Act claim also respects the balance struck by federal laws governing expressive works. The Copyright Act gives a creator the right to control the use of his work for a limited time. *Dastar*, 539 U.S. at 33-34. After a copyright expires, the public may use the work "at will ***and without attribution***." *Id*. at 34 (emphasis added). Allowing a parallel Lanham Act claim

Mr. Masck claims Defendants "point to nothing in this record" to justify dismissal. Resp. at 5. But it is *his* burden to point to evidence. He failed to do so.

### C. Mr. Masck Waited Too Long to Enforce His Rights.

In asking the Court to apply laches principles, Defendants do not claim Mr. Masck "should have registered his copyright sooner," as Mr. Masck argues. Resp. at 12. Instead, as the Motion (at 14-19) made clear, Defendants' argument relies on undisputed facts showing Mr. Masck's conduct caused the situation of which he now complains. Mr. Masck sent his original slide to Sports Illustrated ("SI") in 1991. Masck Dep. [Dkt. 107-15, Ex. B] 35:24-36:1, 41:6-41:10. He *never* asked SI to return the slide. *Id.* 62:9-62:12, 66:8-14. If he had retrieved the original, it would not have been in the Allsport files Getty Images acquired, Sundberg Decl. [Dkt. 107-8] ¶¶ 2-3, and the alleged infringement would not have happened.[4] Getty Images uploaded the image in 2005. *Id.* ¶ 3. Although Mr. Masck received royalties from Getty Images, he never bothered to look on its site, Masck Dep.

---

would upset this balance, for even after his copyright expires, a creator could still bring "false designation" Lanham Act claims over a work's misattribution—because trademark, unlike copyright, has no term. Such an interpretation would create a "mutant species of copyright." It makes no difference that Mr. Masck says this is not his intent. Resp. at 7. Under his theory, he (or his successors) would *always* be able to sue those who copy his photograph for false designation of origin. *Dastar* forecloses that result by making clear that creators must make claims of this nature under the Copyright Act, not the Lanham Act.

[4] Mr. Masck asserts that "[t]he repeated assertion that I 'never asked SI to return the original' isn't how it worked." Masck Decl. [Dkt. 115] ¶ 7. But he does not deny he failed to ask for the return of the original slide—even after losing his only copy—and he admits the infringement would never have happened had he done so.

4

99:12-100:22, where the image was readily accessible. On these facts, Mr. Masck delayed unreasonably in retrieving his photo, and policing and asserting his rights.

Mr. Masck asserts no defendant "relied on" or was prejudiced by his delay because Getty Images "stripp[ed] out the metadata from the Heisman Trophy Pose photo." Resp. at 13. But he cites no evidence (let alone *admissible* evidence) *anyone* removed metadata—nor could he, since the information on the original slide indisputably did *not* identify him. *See* Sundberg Decl. Ex. A. And he fails to address the unchallenged record of prejudice, i.e., the only surviving evidence concerning the image's migration from SI to Getty Images states SI sent the "used original" "to Jerry Miller at McMillan [sic] Publishing *at Masck's request*." Weig Decl. [Dkt. 107-6] Ex. A (emphasis added). Mr. Masck does not recall this request, working with Macmillan, or anyone named Jerry Miller. Masck Dep. at 64:21-65:09. This shows *exactly* why laches applies: no one can show what rights were granted (and by whom) as the slide changed hands over twenty years.[5]

Finally, without citing a case, Mr. Masck suggests laches cannot apply if a plaintiff sues within the limitations period. In fact, the Sixth Circuit recognizes "unusual cases" brought within the limitations period where "the relief sought will work unjust hardship upon the defendants or innocent third parties." *Chirco v.*

---

[5] Mr. Masck points to a code on three slides, as if it has significance. But he offers no evidence as to what the code means and nothing to support his idle speculation Getty Images removed it from the Howard slide. *See* Masck Decl. [Dkt. 115] 7-16.

5

*Crosswinds Cmtys., Inc.*, 474 F.3d 227, 233, 236 (6th Cir. 2007). This is such a case. Defendants cannot produce evidence sufficient to ascertain the slide's provenance, and the blame for that rests squarely on Mr. Masck.

### D. Mr. Masck Is Not Entitled to Statutory Damages.

Under the Copyright Act, a plaintiff may *not* recover statutory damages or fees if "any infringement … commenced … before the effective date of its registration." 17 U.S.C. §412(2). Without citing anything in the record, Mr. Masck asserts infringement "commenced" after registration because "each and every Defendant" violated his copyright after registration. Resp. at 23. Not so. Recognizing "infringement 'commences' for the purposes of § 412 when the first act in a series of acts constituting continuing infringement occurs," Dkt. 69 at 10, this Court previously dismissed Mr. Masck's statutory damages claims against Mr. Howard. In doing so, the Court rejected Mr. Masck's argument here, i.e., that Howard "engaged in separate acts of infringement after the registration date."

As Defendants' Motion (20-21) made clear, the undisputed facts show each Defendant commenced the alleged infringement before registration. Mr. Masck provides no analysis, let alone *evidence*, to the contrary. Nor does he dispute the relevant date for such "commencement" is the date Getty Images, the licensor, uploaded the image to its website—*six years* before registration. Motion at 21 n.5. The Court should dismiss Mr. Masck's claims for statutory damages and fees.

6

### E. Mr. Masck is Not Entitled to Actual Damages or Profits.

Mr. Masck has no evidence from which a trier of fact could find profits "attributable to the infringement," as the Copyright Act requires. To recover profits, Mr. Masck first must show Defendants' revenues from sales of the allegedly infringed work. *See* 17 U.S.C. § 504(b). But for Getty Images, Fathead, Walmart, Amazon, and Photo File, Mr. Masck offers ***no*** evidence of revenues; instead, he simply concedes he "does not suppose" they are "very substantial." Resp. at 22. The complete absence of evidence entitles these Defendants to summary judgment on Mr. Masck's profits claim.[6] *See* Motion at 23.

Mr. Masck does argue he has information of Nissan's revenues attributable to the alleged infringement. Resp. at 19-20. But he never disclosed any such information to Defendants in discovery. *See* Motion at 21-23. As a result, the Court ***must*** exclude it unless Mr. Masck shows (which he cannot) "a reasonable

---

[6] Lacking evidence, Mr. Masck asks the Court for relief under Rule 56(d), which allows the Court to allow discovery if he can show that, "for specified reasons, [he] cannot present facts essential to justify its opposition." But "[a] motion under Rule 56(d) should be made ***before*** the close of discovery." *Miyares v. City of N.Y.*, 2013 U.S. Dist. LEXIS 110406, at *7 n.3 (S.D.N.Y. 2013) (emphasis added). Further, "[m]ere speculation that there is some relevant evidence not yet discovered will never suffice." *Saulsberry v. Fed. Express Corp.*, 2014 WL 103564, at *2 (6th Cir. 2014) (quotation marks omitted) (no error in denying Rule 56(d) request for depositions of "key fact witnesses"). Mr. Masck offers no reason, other than indolence, for his inability to present facts. Nor does he say what he could show. Instead, his counsel vaguely avers he "cannot present facts essential to justify Plaintiff's opposition" because Defendants supposedly failed to give discovery before the cutoff. Blaske Decl. [Dkt. 116] Ex. 7 at ¶¶ 2-5. In fact, the uncontested record shows Mr. Masck failed to ***serve*** any discovery within the discovery cutoff. *See* Rummage Decl. [Dkt. 122]. He has no right to relief under Rule 56(d).

explanation of why Rule 26 was not complied with or the mistake was harmless." *Bessemer & Lake Erie R.R. v. Seaway Marine Transp.*, 596 F.3d 357, 370 (6th Cir. 2010) (quotation omitted); *see* Motion at 23 n.5. In any event, Mr. Masck has no ***admissible*** evidence of Nissan's revenues; instead, he discusses "publicly available" information about the "average" suggested retail price of specific Nissan vehicles, multiplied by unit sales. *See* Resp. at 19 & n.29-30. He does not bother to authenticate his data or even identify its source. It is inadmissible.

Further, even assuming Mr. Masck ***had*** admissible evidence of Nissan's revenues, no evidence suggests they are "attributable" to the alleged infringement. The same is true of the revenues SI supposedly realized from the ad. "[U]nless there is some reasonable possibility that revenue could be affected by an infringement, the revenues (and profits inherent therein) could not be attributable to an infringement." Motion at 29 (quoting *Bouchat v. Baltimore Ravens, Inc.*, 215 F. Supp. 2d 611, 618 (D. Md. 2002), *aff'd*, 346 F.3d 514 (4th Cir. 2003)). The disputed ad was part of a campaign featuring several Heisman trophy winners, an ad Nissan would have placed (and SI accepted) regardless of whether it featured a different image of Mr. Howard or another Heisman winner. Motion at 24-30. No ***evidence*** suggests the use of the Howard image affected Nissan's or SI's revenues.

Rather than address these points, Mr. Masck attaches a chapter from a copyright treatise. Resp. Ex. 2. But that treatise confirms plaintiffs (like Mr.

8

Masck) "often fail to establish causal links."  Dkt. 116, Ex. 2 at 539-40 (Robert W. Clarida, *Copyright Law Deskbook* (BNA Books, 2009)).  And the treatise cites *Bouchat*, where the court granted summary judgment dismissing a claim for a football team's profits from ticket sales and broadcast revenues, even though the team used an infringing logo on uniforms, stationery, tickets, banners, and merchandise.  215 F. Supp. 2d at 618.  The treatise cites one case where a plaintiff *did* establish a causal link, *Andreas v. Volkswagen of America, Inc.*, 336 F.3d 789 (8th Cir. 2003), but Defendants distinguished that case, Motion at 28 n.7, and Mr. Masck did not respond.  Unlike the *Andreas* plaintiff, Mr. Masck points to *no* evidence about the significance of the disputed ad in Nissan's campaign (because he has none), offering only vague and inadmissible speculation.  Resp. at 19.

Mr. Masck offers *no* evidence of profits recoverable from Defendants.

### F.     The Court Should Dismiss Mr. Masck's Claims Against Walmart.

Mr. Masck seeks relief against Walmart because it "allowed merchants … to publish for sale and to sell identical or substantially similar copies of" his image of Desmond Howard and "profited from its vicarious and contributory infringement of Brian Masck's copyright."  Complaint [Dkt. 1] ¶¶ 201, 205.  As explained in the Motion, Walmart cannot be secondarily liable for the acts of third-party sellers on its site, and the DMCA provides a safe harbor.  Motion at 30-31.  Mr. Masck declares that the DMCA does not apply because "[u]nlike Amazon, Walmart

9

operates bricks and mortar stores." Resp. at 24.  Undisputedly, however, the allegedly infringing product was sold online.  That Walmart also operates stores is irrelevant, and Mr. Masck fails to offer any legal authority or evidence otherwise.

In a last-ditch effort, Mr. Masck focuses on alleged sales of infringing products at Sam's Club, for which, he asserts for the first time, Walmart is legally responsible.  Resp. at 24.  But Sam's Club is not a defendant, and Mr. Masck has never alleged a claim against it.  "A non-moving party plaintiff may not raise a new legal claim for the first time in response to the opposing party's summary judgment motion." *Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784, 788 (6th Cir. 2005) (quotation marks omitted).  Mr. Masck cannot escape summary judgment by relying on a claim he never pleaded.  Nor has he offered any legal authority or evidence from which a finder of fact could conclude Walmart bears legal responsibility for alleged sales at Sam's Club.

For all these reasons, the Court should grant summary judgment dismissing Mr. Masck's claims in their entirety.

Dated: February 19, 2014

*/s/ Ambika K. Doran*

| Stephen M. Rummage | J. Michael Huget (P39150) |
| Ambika K. Doran | James E. Stewart (P23254) |
| Davis Wright Tremaine LLP | Honigman Miller Schwartz and Cohn LLP |
| 1201 Third Avenue, Suite 2200 | 130 S. First Street, Ste. 400 |
| Seattle, WA 98101 | Ann Arbor, MI 48104 |
| (206) 757-8136 | (734) 418-4254 |
| steverummage@dwt.com | mhuget@honigman.com |
| ambikadoran@dwt.com | jstewart@honigman.com |

10

## **CERTIFICATE OF SERVICE**

      This is to certify that on February 19, 2014, a copy of the foregoing was electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

/s/ Ambika K.Doran
Ambika K. Doran
1201 Third Avenue
Suite 2200
Seattle, WA 98101
Telephone: (206) 757-8030
Email: ambikadoran@dwt.com