# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

BRIAN MASCK,

        Plaintiff,

v.

SPORTS ILLUSTRATED;
NISSAN NORTH AMERICA;
GETTY IMAGES, INC.;
CHAMPIONS PRESS, LLC;
DESMOND HOWARD; PHOTO
FILE, INC.; FATHEAD, LLC;
WAL-MART STORES, INC.;
WAL-MART.COM USA, LLC; and
AMAZON.COM, INC.

        Defendants.

Case No. 2:13-CV-10226

Hon. Gershwin A. Drain

---

| | |
|---|---|
| Stephen M. Rummage<br>Ambika K. Doran<br>Davis Wright Tremaine LLP<br>1201 Third Avenue, Suite 2200<br>Seattle, WA 98101<br>(206) 757-8136<br>steverummage@dwt.com<br>ambikadoran@dwt.com<br><br>*Attorneys for Defendants Getty Images, Inc., Sports Illustrated, Nissan North America, Amazon.com, Inc., Wal-Mart Stores, Inc., Wal-Mart.com USA, LLC, Photo File, Inc., and Fathead LLC* | J. Michael Huget (P39150)<br>James E. Stewart (P23254)<br>Honigman Miller Schwartz and Cohn LLP<br>130 S. First Street, Ste. 400<br>Ann Arbor, MI 48104<br>(734) 418-4254<br>mhuget@honigman.com<br>jstewart@honigman.com<br><br>*Attorneys for Defendants Getty Images, Inc., Sports Illustrated, Nissan North America, Amazon.com, Inc., Photo File, Inc., and Fathead LLC* |

## MOTION FOR RECONSIDERATION
## WITH RESPECT TO STATUTORY DAMAGES AND ATTORNEYS' FEES

Defendants Getty Images, Inc., Sports Illustrated, Nissan North America, Amazon.com, Inc., Wal-Mart Stores, Inc., Wal-Mart.com USA, LLC, Photo File, Inc., and Fathead LLC ("Moving Defendants") move for reconsideration of the Court's March 10, 2014, Order, to the extent that Order denied summary judgment on Plaintiff Brian Masck's claims for statutory damages and attorneys' fees under the Copyright Act. In support of this Motion, Moving Defendants rely on the attached Brief in Support of Motion for Reconsideration.

WHEREFORE, Moving Defendants request the Court grant their Motion.

*/s/ Ambika K. Doran*
Stephen M. Rummage
Ambika K. Doran
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101
(206) 757-8136
steverummage@dwt.com
ambikadoran@dwt.com

*Attorneys for Defendants Getty Images, Inc., Sports Illustrated, Nissan North America, Amazon.com, Inc., Wal-Mart Stores, Inc., Wal-Mart.com USA, LLC, Photo File, Inc., and Fathead LLC*

J. Michael Huget (P39150)
James E. Stewart (P23254)
Honigman Miller Schwartz and Cohn LLP
130 S. First Street, Ste. 400
Ann Arbor, MI 48104
(734) 418-4254
mhuget@honigman.com
jstewart@honigman.com

*Attorneys for Defendants Getty Images, Inc., Sports Illustrated, Nissan North America, Amazon.com, Inc., Photo File, Inc., and Fathead LLC*

March 17, 2014

i

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................1

II. ARGUMENT......................................................................................................3

    A. The Court Has Authority to Reconsider Its Decisions..........................3

    B. The Court Ruled Mr. Masck Cannot Recover Statutory Damages from Anyone Commencing Infringement before August 2011. ...................................................................................................4

    C. The Court Erred in Finding a Disputed Issue of Fact as to When Moving Defendants' Alleged Infringement Commenced.....................5

III. CONCLUSION...................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Bouchat v. Bon-Ton Dep't Stores, Inc.*,
   506 F.3d 315 (4th Cir. 2007) ...................................................................................8

*Bouchat v. Champion Prods., Inc.*,
   327 F. Supp. 2d 537 (D. Md. 2003) ........................................................................8

*Johnson v. Jones*,
   149 F.3d 494 (6th Cir. 1998) ...................................................................................4

*Kniffen v. Macomb Cnty.*,
   2006 WL 3391099 (E.D. Mich. Nov. 22, 2006) ......................................................3

*Masck v. Sports Illustrated*,
   2013 U.S. Dist. LEXIS 102906 (E.D. Mich. July 23, 2013) .............................4, 6

*Masck v. Sports Illustrated*,
   2013 U.S. Dist. LEXIS 81677 (E.D. Mich. June 11, 2013) ....................................5

*Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs., Pty.*,
   647 F.2d 200 (D.C. Cir. 1981) ................................................................................8

*United States v. Lockett*,
   328 F. Supp. 2d 682 (E.D. Mich. 2004) ..................................................................3

*Ushodaya Enters., Ltd. v. V.R.S. Int'l, Inc.*,
   64 F. Supp. 2d 352 (S.D.N.Y. 1999) ......................................................................8

**Federal Statutes**

17 U.S.C. § 412 ..............................................................................................................4

17 U.S.C. § 504 ..........................................................................................................4, 8

**Rules**

Fed. R. Civ. P. 54 ...........................................................................................................3

L.R. 7.1 ...........................................................................................................................3

DWT 23725227v1 0053349-000103

## ISSUES PRESENTED

Whether the Court should reconsider its March 10, 2014 Order [Dkt. 132], based on a "palpable defect" in failing to follow the Court's prior Order dated June 11, 2013 [Dkt. 69], and hold the Moving Defendants[1] are entitled to summary judgment on Plaintiff Brian Masck's claims for statutory damages and attorneys' fees under the Copyright Act, 17 U.S.C. § 101, et seq., because Mr. Masck *admits* the alleged infringing activity for each Moving Defendant commenced before he registered his copyright.

---

[1] The Moving Defendants are Getty Images, Inc., Sports Illustrated, Nissan North America, Amazon.com, Inc., Wal-Mart Stores, Inc., Wal-Mart.com USA, LLC, Photo File, Inc., and Fathead LLC.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Johnson v. Jones*, 149 F.3d 494 (6th Cir. 1998)

DWT 23725227v1 0053349-000103

I.  INTRODUCTION

The Court is familiar with the background facts.  This dispute concerns a photograph of University of Michigan football star Desmond Howard, which plaintiff Brian Masck allegedly took in 1991.  In early 2013, Mr. Masck sued the Moving Defendants, alleging (among other things) they violated his copyright in the photograph.  Mr. Masck admits he registered the copyright in the image on August 31, 2011.  His Complaint alleged he saw his photograph in stores and on the internet long before registration—including on products and in magazines associated with one or more of the Moving Defendants.

In June 2013, this Court granted Desmond Howard's Motion to Dismiss Mr. Masck's claims for statutory damages and fees under the Copyright Act.  *See* Dkt. 69.  The Court based its ruling on the fact Mr. Masck alleged Mr. Howard commenced his infringement before Mr. Masck registered his copyright—even though the infringement continued after the registration date.  The Court made clear its ruling applied to ***all*** similarly situated defendants, not just Mr. Howard: "This ruling is applicable to those who are alleged to have infringed prior to August 31, 2011."  Dkt. 69 at 10-12.

In January 2014, Moving Defendants invoked the Court's prior ruling and sought summary judgment on the same ground.  They pointed out Mr. Masck alleged Getty Images, Nissan, SI, and Photo File all began using the Howard image

1

long *before* he registered the image on August 31, 2011. *See* Compl. [Dkt. 1] ¶ 85 (Getty Images; 2005); ¶ 94 (Nissan and SI; 2010); ¶ 92 (Photo File; 2010). And the other three Moving Defendants submitted evidence showing they commenced their allegedly infringing activity between June and August 2010—more than a year before copyright registration. *See* Partington Decl. [Dkt. 107-12] ¶ 3 (Fathead; June 2010); Garver Decl. [Dkt. 107-10] ¶ 2 (Amazon; August 2010); Baumlin Decl. [Dkt. 107-11] ¶ 2 (Walmart; July 2010).

Mr. Masck contested none of this. His opposition did not dispute the legal principles underlying the Court's earlier decision. (He did not even *mention* the Court's decision.) More important, he did not dispute the date each Moving Defendant commenced its alleged infringing activity. Nevertheless, the Court denied summary judgment, finding "[a]t the very least, a question of material fact exists as to what constitutes the dates of infringement[.]" Dkt. 132 at 15.

With due respect, the Court's Order on this point has a palpable defect. All Moving Defendants commenced the allegedly infringing activity before Mr. Masck registered his copyright. No one disputes the point; indeed, Mr. Masck concedes it. The Court should correct the error and, consistent with its prior ruling, enter summary judgment dismissing the claims for statutory damages and fees, thereby facilitating a more accurate assessment of potential outcomes at trial.

2

## II. ARGUMENT

### A. The Court Has Authority to Reconsider Its Decisions.

This Court has authority to reconsider its decisions. *See* L.R. 7.1(h); Fed. R. Civ. P. 54(b). Under Rule 54(b), "any order or other decision … that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties … may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Local Rule 7.1(h)(3) provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (quoting *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

Judges of this Court have reconsidered decisions where there has been a palpable oversight or a clear legal error, or where manifest injustice would result if the Court did not change the decision. *See, e.g.*, *Kniffen v. Macomb Cnty.*, 2006 WL 3391099 (E.D. Mich. Nov. 22, 2006) (granting reconsideration to correct "manifest injustice"). Indeed, this Court earlier in this case granted a motion for

3

reconsideration to correct a "palpable defect" in failing to dismiss the Lanham Act claim against Desmond Howard.  *See* Order Granting Motion for Reconsideration [Dkt. 83], *reported at Masck v. Sports Illustrated*, 2013 U.S. Dist. LEXIS 102906 (E.D. Mich. July 23, 2013).

The Court should likewise reconsider here.

### B. The Court Ruled Mr. Masck Cannot Recover Statutory Damages from Anyone Commencing Infringement before August 2011.

The Copyright Act allows a plaintiff to recover "an award of statutory damages … with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just."  17 U.S.C. § 504(c)(1).  But the Act contains an important limit:  a plaintiff ***cannot*** recover statutory damages or attorneys' fees if "any infringement … commenced after first publication of the work and before the effective date of its registration."  17 U.S.C. § 412.  "[I]nfringement 'commences' for the purposes of [Section] 412 when the first act in a series of acts constituting continuing infringement occurs."  *Johnson v. Jones*, 149 F.3d 494, 506 (6th Cir. 1998).

The Court applied these principles to dismiss the statutory damages claims against Desmond Howard.  After citing the Act and *Johnson*, the Court reasoned:

> Howard claims that the alleged infringement commenced in February 2010, well before Plaintiff registered the photo with the Copyright Office on August 31, 2011.  Plaintiff does not dispute

4

> this, but instead ***claims that Howard engaged in separate acts of infringement after the registration date that entitle him to statutory damages and attorney's fees***.  The basis of this argument is that Plaintiff sent Howard a version of the photo in August 2012 that was slightly altered.  Plaintiff contends that Howard uploaded this photo to his website after registration.  The alterations on the photo, according to Plaintiff, make the pre- and post-registration infringing activity so different that it constitutes a new instance of infringement.
>
> A similar argument was already rejected by this Court in *Teevee Toons, Inc. v. Overture Records*, 501 F. Supp. 2d 964, 966 (E.D. Mich. 2007).  The *Teevee Toons* Court noted that it is not necessary to determine when an infringement ends and a new one begins.  *Id*.  *Johnson* also appears to foreclose Plaintiff's argument.  *Johnson*, 149 F.3d at 505 (noting that the purpose of Section 412 "would be thwarted by holding that infringement is 'commenced' for the purposes of § 412 each time an infringer commits another in an ongoing series of infringing acts.").  Plaintiff attempts to avoid this holding by claiming that Howard committed a new act of infringement, but his actions are really just another infringing act in a series of infringing acts.
>
> … Since the alleged infringement occurred in February 2010, before the photo's August 31, 2011 registration date, Plaintiff may not pursue statutory damages or attorney's fees.  ***This ruling is applicable to those who are alleged to have infringed prior to August 31, 2011***.

Order Granting in Part and Denying in Part Motions to Dismiss [Dkt. 69] at 10-12 (emphasis added), *reported at Masck v. Sports Illustrated*, 2013 U.S. Dist. LEXIS 81677 (E.D. Mich. June 11, 2013).

## C. The Court Erred in Finding a Disputed Issue of Fact as to When Moving Defendants' Alleged Infringement Commenced.

Based on the Court's ruling, the Moving Defendants waited until the close of discovery and then sought summary judgment on Mr. Masck's claim for statutory

5

damages. They pointed out Mr. Masck *admits* Getty Images, Nissan, SI, and Photo File all began using the Howard image *before* he registered the image on August 31, 2011. The relevant allegations of the Complaint are as follows:

***Getty Images.*** "On May 2, 2005 Getty Images uploaded the … photograph to its digital asset management system. The following picture appeared. [IMAGE OMITTED.] [¶] In so doing, Getty Images unlawfully reproduced a copy of Brian [Masck]'s Heisman Pose photograph." Compl. [Dkt. 1] ¶¶ 85, 86.

***Nissan and SI***. "On October 18, 2010, and again on August 21, 2011, *Sports Illustrated* published an unauthorized full-page reproduction of the … photograph as part of a two-page advertising spread for Nissan automobiles. The 2011 ad appeared in *Sports Illustrated's* college football preview issue." *Id.* ¶ 94.

***Photo File***. "On June 9, 2010 Brian was walking through the Flint, Michigan, Sam's Club Store when he came upon a display including an unauthorized reproduction of his Heisman Pose photo in a grouping of framed athletic memorabilia for sale. This unauthorized reproduction bore the logo of Photo File." *Id.* ¶ 92; Doran Decl. Ex. B [Dkt. 107-17] (Masck Dep. 105:14-19).

In addition to Mr. Masck's allegations (which he has never retracted), Moving Defendants offered the following uncontradicted declaration testimony:

***Fathead***. "Fathead's first sale of the allegedly infringing image occurred June 29, 2010. Mr. Masck first alerted Fathead to the alleged infringement more

6

than a year later, in a letter dated August 19, 2011." Partington Decl. [Dkt. 107-12] ¶ 3. Mr. Partington's declaration attached Mr. Masck's cease and desist letter, with an invoice, dated August 19, 2011—***before*** registration. *Id.* Ex. A.

*Amazon*. "[S]everal online merchants sold … an image [of the Howard photograph] on Amazon.com, generally in the form of posters … Based on Amazon's records, the first sale of such a product on Amazon.com occurred on August 24, 2010." Garver Decl. [Dkt. 107-10] ¶ 2.

*Walmart*. "After Pro Team obtained prints of an image of Desmond Howard striking a pose similar to the Heisman Trophy from Photo File, Inc. through Pro Team's affiliate, it sold a few copies of such prints on Walmart.com. Pro Team first sold one of such prints on Walmart.com in July 2010." Baumlin Decl. [Dkt. 107-11] ¶ 2.

In response, Mr. Masck said nothing about the date when the alleged infringements ***commenced***. His response argued only that Moving Defendants continued infringing after the registration date—an argument this Court rejected in dismissing the statutory damages claim against Mr. Howard:

> Mr. Masck registered his copyright in the Heisman Trophy Pose photo effective on August 31, 2011. <u>Each and every</u> Defendant violated Mr. Masck's copyright after that date. ***Some of them also violated it before***, but no claim for reasonable attorneys' fees arising out of redressing those pre-registration violations is being made here.

Resp. [Dkt. 116] at 23 (second emphasis added). Mr. Masck cited ***no evidence***.

7

Based on the undisputed (and indisputable) evidence, Mr. Masck has no right to statutory damages against the Moving Defendants. *See Ushodaya Enters., Ltd. v. V.R.S. Int'l, Inc.*, 64 F. Supp. 2d 352, 353 (S.D.N.Y. 1999). Mr. Masck submitted nothing to suggest (and did not argue) any Moving Defendant ***commenced*** infringement after he registered his copyright on August 31, 2011— because ***no such evidence exists.*** The finding that an issue of fact exists as to when infringement commenced therefore has a palpable defect, which this Court should rectify before it causes the parties to expend resources preparing for trial on an issue of federal law not genuinely in dispute.[2]

---

[2] Neither Mr. Masck nor the Court addressed an equally compelling—and in some ways more direct—reason to dismiss the statutory damage claims. Getty Images and its licensees are jointly and severally liable for any infringement. *See, e.g.*, *Bouchat v. Champion Prods., Inc.*, 327 F. Supp. 2d 537 (D. Md. 2003) (downstream licensees of allegedly infringing logo jointly and severally liable with licensor for products bearing the logo); *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs., Pty.*, 647 F.2d 200, 207-08 (D.C. Cir. 1981) ("any member of the distribution chain can be sued as an alleged joint tortfeasor"). And the Copyright Act limits a plaintiff to a single statutory damages award "for all infringements involved in the action … for which any two or more infringers are liable jointly and severally." 17 U.S.C. § 504(c)(1). Thus, "a copyright owner may not obtain statutory damages from a licensee liable jointly and severally with a licensor when the ***licensor's*** first infringing act occurred before registration and was part of the same line of related infringements that included the licensee's offending act." *Bouchat v. Bon-Ton Dep't Stores, Inc.*, 506 F.3d 315, 331 (4th Cir. 2007) (emphasis added). Because Getty Images' acts indisputably began in 2005, *see* Compl. [Dkt. 1] ¶ 85, 86, Section 412 bars an award of statutory damages based on the conduct of its licensees—even if the licensees commenced infringing activity ***after*** the registration date. Here, the licensees all commenced infringement ***before*** the registration date, so the Court need not reach this issue.

8

## III. CONCLUSION

In the interests of justice, and to correct a palpable defect, Moving Defendants ask the Court to reconsider its denial of summary judgment on Mr. Masck's claims for statutory damages and attorneys' fees under the Copyright Act. Mr. Masck's remaining claims under the Copyright Act would remain for trial pursuant to this Court's March 10, 2014 Order.

Dated: March 17, 2014

*/s/ Ambika K. Doran*
Stephen M. Rummage
Ambika K. Doran
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101
(206) 757-8136
steverummage@dwt.com
ambikadoran@dwt.com

J. Michael Huget (P39150)
James E. Stewart (P23254)
Honigman Miller Schwartz and Cohn LLP
130 S. First Street, Ste. 400
Ann Arbor, MI 48104
(734) 418-4254
mhuget@honigman.com
jstewart@honigman.com

9

## **CERTIFICATE OF SERVICE**

      This is to certify that on March 17, 2014, a copy of the foregoing was electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

                    */s/ Ambika K.Doran*
                    Ambika K. Doran
                    1201 Third Avenue
                    Suite 2200
                    Seattle, WA 98101
                    Telephone: (206) 757-8030
                    Email: ambikadoran@dwt.com